## Miller, Ex'r of Beard *vs.* Negro Charles.—
### December, 1829.

By a devise in the following words, viz. " likewise my negro man *Charles* to be free on the 1st day of January, 1827, on condition that he pay the sum of ten dollars annually, to my before named sister M, so long as *he* lives ;" it was the intention of the testator, who died in 1825, that the slave mentioned in the devise should be free on the 1st January, 1827 ; and it could not have been his intention that the condition mentioned, should have been performed by *Charles*, precedent to that day, as the acts to be done consist of payments to be made by him annually, as long as he may live.

Upon a petition for freedom by a negro claiming his right to manumission, under a last will and testament, against the executor of his deceased master, the parties agreed upon a statement of facts, which did not disclose whether the testator left assets sufficient for the payment of his debts or not; *held* that the objection to the manumission arising from the insufficiency of assets was not before the court.

Appeal from *Anne Arundel* County Court. This was a petition for freedom filed in *Anne Arundel* County Court, on the 10th of March, 1828. The following statement of facts was submitted for the opinion of the Court.

It is admitted in this cause, that the said negro *Charles* was the slave of *John W. Beard*, the appellant's testator; that the said *John W. Beard* died in October, 1825, having first duly made and executed his last will and testament, which is recorded in the Orphan's Court of *Anne Arundel* County ; in which last will and testament, is contained, the following clause, " likewise," my negro man *Charles* to be free, on the first day of January one thousand eight hundred and twenty-seven, on condition that he the said *Charles*, pay the sum of ten dollars annually to my before named sister, *Mary Glover*, so long as he lives. It is also admitted that the negro *Charles*, the pe-

titioner, and the negro *Charles* mentioned in the said clause, are one and the same person, and that he was, at the death of the said *John W. Beard,* and on the first of January, 1827, under the age of forty-five years, and able to gain a sufficient livelyhood and maintenance; and it is also admitted, that the said negro *Charles* paid to the said *Mary Glover,* the sum of ten dollars in January, 1828, agreeably to the annexed receipt marked A, for the year 1827. It is further admitted, that at the death of the said *Wesley Beard,* and also at the time of the payment of the said ten dollars, the said *Mary Glover* was a *feme covert.* And it is further admitted, that the said negro *Charles* was held as a slave by the personal representative of the said *John W. Beard,* from the death of the said *John W. Beard* till the first of January, 1827.

The County Court rendered judgment on the case stated in favour of the petitioner, and the defendant appealed to the Court of Appeals.

The cause was argued before BUCHANAN, Ch. J. EARLE, MARTIN and ARCHER, J.

*Speed,* for the appellant, contended, 1. The act of 1796, *ch.* 67, *sec.* 13, gives no power to will negroes free on condition, and the court will infer no such power.

2. This is a condition *precedent,* and as such repugnant, and impossible to be performed; and therefore the condition and bequest both fall.

3. But suppose the condition to be a condition *subsequent,* and consequently not impossible to be performed, yet the court will not sustain the bequest.

4. If the court give judgment of freedom, it must be of unqualified freedom, and the intention of the testator is defeated; for it was clearly his intention, that the petitioner should not be free, unless the terms imposed on him by the bequest could be legally and faithfully complied with.

5. The petitioner does not state, nor is it admitted in the case stated, that there were other assets, sufficient to discharge all the debts of the deceased.

, On the *first* point, he referred to the act of 1796, *ch.* 67, *sec.* 13. *Hamilton vs. Craggs*, 6 *Harr. & Johns.* 17. *Burroughs vs. Negro Ann*, 4 *Harr. & Johns.* 262. On the *second*, he cited 1 *Thomas's Coke Litt.* 14. 2 *Ib.* 19—22 (note *M.*) 2 *Blk. Com.* 166. *Shep. T.* 129, 130. On the *fifth* he cited 2 *Johns. Rep.* 243.

*Brewer*, Jr. for the appellee, referred to *Co. Litt.* 274. *b.* 1 *Hen. & Munf.* Act of 1692, *ch.* 52. 1752, *ch.* 1.

EARLE, J. delivered the opinion of the Court.

This cause was decided in *Anne Arundel* County Court, upon facts agreed on, and stated between the parties. The statement briefly represents *Charles's* right to freedom under the will of his deceased master, *John W. Beard*, and points to and sets out the particular clause by which he claims it. What is the true meaning of the testator in this clause seems to have been the sole question submitted to that court, and can alone have our attention in revising their decision. We concur with the Judges in thinking that *John W. Beard* intended that *Charles* should be a free man on the first day of January, 1827; it could not have been his intention that the condition mentioned, should have been performed by *Charles* precedent to that day, as the acts to be done consist of payments to be made by him annually, as long as he may live.

Considered as a condition to be performed subsequent to freedom, it presents a question upon which we need not give an opinion, as it is one in which the executor can have no interest.

The subject of assets insisted on in the argument, is not before us, and we shall express no opinion, in relation to it. If it deeply concerns the executor, we can only say, that he has had ample time to understand his situation as to assets, and to take legal steps for his security.

We affirm the judgement of *Anne Arundel* County Court.