# RAWLINGS *vs.* STATE OF MARYLAND.

Presentment—a motion in arrest of Judgment being over ruled, the defendant prayed an appeal.   In this court a motion was made in behalf of the State to dismiss the appeal on the ground that the case could only be brought up by a writ of error.

An appeal will lie in a criminal case for a fine or penalty.

*Hagner*, against the motion, insisted, that the act of 1713, ch. 4, places appeals on same footing with writs of error.

The right of appeals in cases like this, is given by the act of 1785, ch. 87, sec. 6 : "any prosecution for the recovery of any penalty, fine or damages."

This is a presentment under an act of Assembly, which imposes a fine of $50.

He also referred to 1811, ch. 171, 1841, ch. 46, respecting appeals, and cited 5 *H. & J.*, 232.   9 *G. & J.*, 108.   3 *Gill*, 498.   *Evans' Practice*, 429, 430.

*Brent,* for the State, said, that the act of 1785, ch. 87, sec. 6, did, it is true, allow an appeal in all cases of prosecution for penalty and fine, yet that act is merged in later acts of Assembly.   See *Dorsey's Laws, p.* 235.

The case of *State vs. Queen,* 5 *H. & J.,* 242, was a *qui tam* prosecution.   The act of 1785 does not speak of an *indictment.*   The fine, which by law was to be imposed on Queen, went one-half to the informer.

In Maryland it has always been the practice to get out writs of error.   He cited 5 *H. & J.,* 176, 329.

Most of the acts of Assembly which have been cited, relate to civil suits.

He relied on the case of *Lancaster vs. the State,* decided September term 1850.

TUCK J., delivered the opinion of the court.

A motion is made to dismiss this appeal, because the record was not brought before the court upon a writ of error.

The act of 1785, ch. 87, sec. 6, provides, "that any party or parties aggrieved by any judgment or determination of any county court, in any civil suit, or action, or any prosecution, for the recovery of any penalty, fine, or damages, shall have full power and right to appeal from such judgment or determination, to the general court."   The Court of Appeals decided, in the case of *Queen vs. State,* 5 *Harr. and John.,* 232, that a party convicted and fined, under the 19th sec. of the act of 1796, ch. 67, might, under the act of 1785, *appeal* from the judgment of the court, on a question of law apparent on the record.   In that case, as here, there was a motion in arrest of judgment.   The counsel for the State refers to the record, in the case of *Lancaster vs. State,* (December term 1850,) where the appeal was dismissed on the ground, "that the case could only be properly brought to the court by writ of error;" to shew that the present appeal will not lie.   The question raised in the court below was submitted, without argument, upon an agreed statement of facts. There was no motion in arrest of judgment, we suppose that

the appeal was dismissed for that reason: for if it was meant to be decided that an appeal would not lie in any case of this kind, the court would have overruled the case of *Weisenburg vs. State,* (June term 1850,) where the judgment of the court below overruling a motion in arrest, and imposing a fine, had been affirmed, although the record was not brought up on writ of error.

The practice has been, as stated on behalf of the State, to sue out writs of error, in criminal cases. The act of 1785, was intended to give the party aggrieved, a more convenient and less expensive remedy, by allowing appeals in the cases there mentioned, where the error appeared on the record. We are of opinion that the present case is within the provisions of that act, and overrule the motion.

*Motion overruled*