(Decided July 20th, 1858.)

---

## JOSEPH KELLER *vs.* THE STATE.

A party was indicted and convicted, and *appealed* from the judgment. After the case was argued in the Court of Appeals, the Legislature passed a law *repealing* the act under which the indictment was framed, but this law was not brought to the notice of the court until the judgment had been *affirmed.* Afterwards, but at the *same term* of the court, a motion was made to strike out the affirmance and enter a judgment of reversal. HELD:

That the question presented by this motion, must be disposed of as if the repealing act had been passed before the judgment was affirmed, and the motion must be granted.

A party cannot be convicted after the law under which he may be prosecuted has been repealed, though the offence may have been committed before the repeal, and the same principle applies where the law is repealed or expires pending an appeal or writ of error from the judgment of an inferior court.

An appellate court in disposing of an appeal or writ of error, must decide according to existing laws at the time of the final judgment.

The judgment in a criminal case cannot be considered as final and conclusive to every intent, notwithstanding an appeal or writ of error; execution of the sentence is not stayed if the State chooses to proceed on the

judgment, but if the judgment is reversed, such reversal operates to discharge the prisoner from punishment.

In criminal cases where fines or penalties are imposed, an *appeal* will lie upon questions of law *apparent on the record,* and such questions sufficiently appear on the record, where the defence is presented in the court below by an *agreed statement of facts,*

Such agreed statements of facts, serve the same purposes and are governed by the same principles, and, by the practice in this State, have almost entirely taken the place of, *special verdicts;* like such verdicts their effect is to place the facts on the record as part thereof, and the court decides thereon as *on demurrer.*

The act of 1825, ch. 117, does not apply to demurrers and motions in arrest of judgment, nor to cases of agreed statements of facts.

APPEAL from the Criminal Court for Baltimore city.

In this case the appellant was indicted and convicted in the court below for a violation of the then existing license laws, and appealed from the judgment against him. After the *argument* of the case in this court, the act of 1858, ch. 414, was passed, *repealing* the laws under which the indictment was framed. This act not having been brought to the notice of the court until *after the judgment* was *entered affirmed,* which was done at the December term 1857, after the repealing law was passed, (11 *Md. Rep.,* 525,) the appellant afterwards but *during the same term,* made a motion to correct this entry and to have the *judgment reversed.*

This motion was argued before LE GRAND, C. J., TUCK and BARTOL, J.

*Charles F. Mayer* for the motion:

The principle is well settled, that if a statute intervenes while a prosecution is pending and repeals the statute under which the prosecution is had, no judgment can be pronounced against the offender. This principle equally applies to a case where there has been a verdict of guilty, and a repeal before judgment as where the proceedings are open before verdict. Some question might arise, whether the judgment should be reversed, rendered on a penal statute where the *repeal* takes place after judgment, and pending the appeal or writ of error.

There would seem to be no reason against the reversal, since the writ of error or appeal keeps the judgment in uncertainty, and prevents its being definitive or a thing consummate, and since *punishment* is as much a part of the *proceedings* under a penal statute, as the action on the indictment antecedent even to verdict, and to affirm a judgment is to pronounce a *present decision*, as to the present and actual law. If the law be repealed the judgment of affirmance falsifies the law, and declares that to be law which is not law any longer.

In 1 *Cranch*, 104, *United States vs. Schooner Peggy*, the court's opinion, in the last sentence of it, delivered by C. J. Marshall, concludes the point we are maintaining in declaring: "The court must decide *according* to *existing* laws, and if *it be necessary to set aside* a judgment, *rightful when rendered*, but which cannot be affirmed but in violation of law, the *judgment must be set aside.*" The judgment there of the circuit court was set aside, and on writ of error, in consequence of an intervening change of law (virtually a repeal) after the decree or judgment of the circuit court had been passed. Subsequent cases in 5th and 6th *Cranch*, 281, 329, looked, on deciding the same point, to the proceeding being by appeal and in admiralty and as making a new case in the Supreme Court, but, in the *Peggy's case*, the review was under a writ of error, and the principle settled there covers any case in the appellate tribunal no matter how carried thither. Thus, too, in 14 *Eng. Law & Eq. Rep.*, 124, *Regina vs. Denton*, the court determines that where a law is repealed, it is, as to any penal procedure, (punishment or proceedings in the prosecution,) to be regarded as if it had never existed, *quoad* the action of the court adjudging in the case. Besides this, and in confirmation of the reasoning of the position, the benefit of which we claim, a repeal of the penal statute is a renunciation by the State of the penalty. So has the Supreme Court of the United States determined, in the case of *The State of Maryland vs. The Balto. & Ohio Rail Road Co.*, 3 *How.*, 534. Ch. J. Taney there says, that a repeal of an act is a *remission of the penalty* in the particular case of prosecution. See, too, 13 *How.*, 429, *Norris vs. Crocker*. In this case all penalty was thus removed by the State as against the appellant.

It is idle to cite authorities to show that a judgment appealed from or carried up under writ of error is not a definitive judgment, and, therefore, practically not a complete judgment, although it be not merely interlocutory in the technical sense. The case of a party is as much *sub judice* still, and *merely*, while in the appellate tribunal, as it was while trying or before verdict and judgment in the inferior court. A case too, it may be said, absolutely goes to our Court of Appeals, and is entirely in the possession of that court, since even execution may issue on an affirmed judgment from the Court of Appeals. The cases on this doctrine generally will be found in 1 *Brittish Crim Law*, sec. 103, and I may on this head cite 1 *Binney*, 601, *Commonwealth vs. Duane;* 1 *Wm. Bl. Rep.*, 451, *Miller's Case;* 3 *Burr.*, 1456, *Rex vs. Justices of London;* 11 *Pick.*, 350, *Commonwealth vs. Marshall;* 3 *Dallas*, 378, *Hollingsworth vs. Virginia;* 4 *Dallas*, 372.

No counsel appeared for the State.

Tuck, J., delivered the opinion of this court.

It appears that, on the last day of the session of 1858, the Legislature passed an act, "to regulate the issuing of licenses to ordinary keepers and traders;" (ch. 414,) by which the acts under which this indictment was found and the appellant convicted in the court below, were repealed. This law had not been passed when the cause was argued, and was not brought to the notice of the court until after the judgment had been affirmed, when a motion was made, within the term, to correct the ruling of the court, and enter a judgment of reversal. The question, now submitted, must be disposed of as if the act of 1858 had been passed before the judgment was affirmed.

If the record is properly before us the motion must be granted. It is well settled, that a party cannot be convicted, after the law under which he may be prosecuted has been repealed, although the offence may have been committed before the repeal. *Dwarris*, 670. 1 *Kent*, 465. *State use of Wash. Co., vs. Balto. & Ohio Rail Road Co.*, 12 *G. & J.*, 399.

The same principle applies where the law is repealed, or expires pending an appeal on a writ of error from the judgment of an inferior court. It has frequently been recognized in admiralty causes, where property was seized and condemned, on the ground that the repeal of the law before the decision in the court above removed the penalty, and that the court in disposing of the appeal or writ of error, must decide according to existing laws at the time of the final judgment. 1 *Cranch,* 103. 5 *Cranch,* 281. 6 *Cranch,* 203. 3 *Peters,* 57. Ch. J. Marshall states the doctrine generally, and not as applicable only to condemnations in admiralty. There seems to be no reason for saying, that it shall not govern in other cases of penalty or fine, when pending causes are not excepted in the repealing act. And we may consider that the Court of Appeals so regarded this doctrine, for in the case of *State use of Washington County, vs. The Rail Road Company,* 12 *G. & J.,* 437, where the defendant claimed the benefit of an act of Assembly releasing a penalty, the court relied upon what was said in 5 *Cranch,* 283, viz: "The court is therefore of opinion, that the cause is to be considered as if no sentence had been pronounced; and if no sentence had been pronounced, it has been long settled on general principles, that after the expiration or repeal of a law no penalty can be enforced, nor punishment inflicted, for violations of the law committed while it was in force, unless some special provision be made for that purpose by statute." The judgment in a criminal cause cannot be considered as final and conclusive to every intent, notwithstanding the removal of the record to a superior court. If this were so, there would be no use in taking the appeal or suing out a writ of error. To be sure it does not operate to stay the execution of the sentence, if the State chooses to proceed on the judgment; but, when decided in favor of the accused, the reversal will operate as far as possible for his relief. If he be undergoing punishment according to the sentence pronounced he will be discharged, as in the cases of *Black,* 2 *Md. Rep.,* 376, and *Cochrane,* 6 *Md. Rep.,* 400. And so if the law be repealed, pending the appeal or writ of error, the judgment will be reversed, because the decision must be in accordance with the

law at the time of final judgment. And recently, in the case of *The State use of Balto. City, vs. Norwood, et al.*, at this term, *(Ante,* 195,) this court recognized and adopted the language of Ch. J. Marshall, in 1 *Cranch*, 110, to the effect, that, "if it be necessary to set aside a judgment, rightful when rendered, but which cannot be affirmed but in violation of law, the judgment must be set aside." See, also, 3 *Howard*, 534, where the Chief Justice said, that "the repeal of a law imposing a penalty is of itself a remission of the penalty."

We are next to inquire as to the appellant's standing in this court. The case was decided by the court below, on an agreement of facts. The objection on the part of the State, (see 11 *Md. Rep.*, 529, 530,) is, that there should have been a demurrer or motion in arrest of judgment, and that the record should have been brought up by writ of error.

It was decided in *Queen vs. The State,* 5 *H. & J.*, 232, that, in criminal cases imposing fines or penalties, an appeal will lie upon questions of law apparent on the record. Act of 1785, ch. 87, sec. 6. *Rawlings vs. State*, 1 *Md. Rep.*, 127. As this record shows a judgment imposing a fine, the appeal will not be dismissed, if the case, was so presented in the court below as to place the appellant's defence upon the record. The indictment being good in law, there was no ground for a demurrer or motion in arrest of judgment.

If the defence, that the defendant sold lager beer of his own brewing, had been pleaded, and the State had demurred to the plea, the point would have appeared by the record. Instead of this mode of proceeding, however, the State and the accused made an agreement of facts, according to a practice which has obtained in this State for many years, by which the case was submitted to the court. The office of the court was, to declare the law upon the facts admitted. This proceeding, with us, has almost entirely taken the place of special verdicts, as being more convenient, yet serving the same purposes, and is governed by the same principles. *Ev. Pr.*, 316. 2 *H. & G.*, 118. Like special verdicts, the effect is to place the facts on the record, as part thereof, on which the court decides, "as in case of demurrer." *Steph. Pl.*, 124, *(Ed. of* 1831.) *U. States*

*vs. Eliason,* 16 *Peters,* 291. *Stimpson vs. Balto. & Susquehanna Rail Road Co.,* 10 *Howard,* 329. When an appeal is taken, the court above decides upon the law of the case, without being restrained by the act of 1825, ch. 117. As that act does not apply to demurrers and motions in arrest of judgment, and as agreed statements present the facts, as on demurrer, the act has never been considered as applicable to such cases. There have been many such cases in this court since the passage of the act, and no question ever made as to the power of the court to revise the judgments. 2 *H. & G.,* 118. 1 *G. & J.,* 390. 3 *Do.,* 158. 6 *Do.,* 259, and others. The same is the law in criminal prosecutions. In 1 *Ch. Crim. Law,* 642, it is said: "the jury have a right, in all cases whatever, to find a special verdict by which the facts of the case are put on the record, and the law is submitted to the judges," and the same rules are to be observed, as in civil suits, in stating the facts. If, in civil proceedings, a different form has been generally adopted, for submitting the law to the court, why may not the same mode be resorted to in prosecutions? The considerations of convenience and facility of trial, apply to one as well as to the other, and, we think, the same practice should be allowed in both classes of cases. We have no difficulty in saying, that the proceedings below placed the facts upon the record, as a part thereof, by which the law of the case must be determined, and, that being so, that the appeal lies under the act of 1785, ch. 87, sec. 6.

In answer to the argument on the part of the State, (11 *Md. Rep.,* 527,) as to what was said in 1 *Md. Rep.,* 127, of the case of *Lancaster vs. The State,* it may be observed, that that agreement was entered into in the Court of Appeals, and not in the court below, and was not part of the case as decided. It was a judgment on confession, without demurrer, or motion in arrest, or agreement of facts in the inferior court, and the question of law to be decided did not appear upon the record. That being so an appeal did not lie.

*Motion granted and judgment reversed.*

(Decided July 20th, 1858.)