CHRISTOPHER C. HIGGINBOTHAM, PLAINTIFF IN ERROR, VS. THE STATE OF FLORIDA, DEFENDANT IN ERROR.

1. The defendant on trial in a criminal proceeding has a right to be heard in making a statement under oath, of his or her defence, under Chapter 1816, Laws of 1870, at any time before the case is submitted to the jury.

2. If a law creating a criminal offence is repealed, such repealing law containing no saving clause preventing the operation of the repeal as to causes then pending, or continuing the repealed law in force as to pending prosecutions, or violations of the then existing law, after the repealing law takes effect no further proceedings can be taken under the law so repealed to enforce the punishment.

3. This rule applies to proceedings upon appeal in the appellate court, as well as to the court having original jurisdiction of the offence, and as well when the repeal of the law took effect after the removal of the cause to the appellate court, as before.

Writ of Error to the Circuit Court for Marion county. The facts of the case are stated in the opinion.

*St. Clair Abrams & Summerlin* for Plaintiff in Error.

*The Attorney-General* for State.

MR. JUSTICE VANVALKENBURGH delivered the opinion of the court:

The defendant, Higginbotham, was indicted at the Spring Term of the Circuit Court held in and for Marion

county, March, 1880, for " assault with intent to murder," under Sec. 37, Sub-Chap. 3, Chap. 1637, Laws 1868. He plead not guilty, was tried and convicted in November, 1880. The counsel for the defendant then moved for a new trial, assigning twenty-seven grounds therefor. The court overruled the motion and sentenced the defendant to ten years hard labor in the penitentiary. From this judgment he brings his writ of error.

The errors assigned are principally to the admission and the refusal to admit evidence, as well as to the charge of the court and its refusal to charge as requested. As the judgment must be reversed upon other grounds than these it will not be necessary to examine them, and not more than two of the other errors assigned.

Immediately after the evidence had been closed, and before the cause had been submitted to the jury by the counsel, or the court, the counsel for the defendant offered the accused to make a statement in his own behalf to the jury under oath. To this offer the State Attorney objected for the reason that the evidence had been closed, and that the defence had rested his case. The court sustained the objection and refused to allow the defendant to make such statement, and counsel for defendant excepted.

Such refusal upon the part of the court to permit defendant to make his statement is urged here as error. The defendant had a right to be heard in making a statement of his defence under Chapter 1816, Laws 1870. It mattered not that the defence had announced that their case was closed. No further action had been taken. Counsel had not commenced their argument to the jury, and the court should have permitted the accused to make his statement. Miller vs. The State, 15 Fla., 577.

The counsel for defendant alleges that the law under which this defendant was indicted and tried has been re-

pealed pending the prosecution of the writ of error in this court, and of course since such conviction, and that consequently the defendant cannot be punished and must be discharged.

The law of 1868, under which this indictment was found in March, 1880, reads as follows: " Whoever, being armed with a dangerous weapon, assaults another with intent to rob or murder, shall be punished by imprisonment in the State Penitentiary not exceeding twenty years." This conviction was had in November, 1880. In February, 1881, Chapter 3275, Laws, was approved. This act provides: " That whoever assaults another with a deadly weapon, with a premeditated design to effect the death of the person assaulted, shall be deemed guilty of an assault with intent to murder, and upon conviction shall be punished by imprisonment in the State Penitentiary not less than two years and not more than seven, or by fine of not less than five hundred dollars." Section three of same Chapter repeals all laws or parts of laws then in force for the punishment of assault with intent to murder, and assault with intent to kill, and assault with intent to commit manslaughter.

What effect does this repeal of the law of 1868 have upon this case so pending when the law of 1881 went into effect ?

The repeal of the law of 1868 is complete in its terms, and there is nothing in the act of 1881 to make it prospective only ; nor is there a saving clause preventing the operation of the repeal as to causes then pending, or continuing the repealed law in force as to such pending prosecutions, or violations of the then existing law. It has been well settled by repeated decisions that if the law which created the offence is repealed, after the repealing law takes effect no further proceeding can be taken under the law so

repealed, and this principle is held to apply to the proceedings in the appellate court upon appeal as well as to the court having original cognizance of the offence, and as well when the repeal took effect after the removal of the cause to the appellate court as before. Wall vs. State, 18 Texas, 682; Shepard vs. State, 1 Texas Ct. Ap., 522; Hubbard vs. State, 2 Texas Ct. Ap., 506.

In Yeaton vs. United States, 5 Cranch, 280, Chief-Justice Marshall, in delivering the opinion of the court, says: "It has been long settled, on general principles, that after the expiration or repeal of a law no penalty can be enforced nor punishment inflicted for violations of the law committed while it was in force, unless some special provision be made for that purpose by statute." Schooner Rachel vs. United States, 6 Cranch, 329.

In The Commonwealth vs. Marshall, 11 Pickering, 350, Shaw, C. J., speaking for the court, says: "It is clear that there can be no legal conviction for an offence, unless the act be contrary to law at the time it is committed; nor can there be a judgment unless the law is in force at the time of the indictment and judgment. If the law ceases to operate by its own limitation, or by a repeal at any time before judgment, no judgment can be given. Hence it is usual in every repealing law to make it operate prospectively only, and to insert a saving clause preventing the operation of the repeal and continuing the repealed law in force as to all pending prosecutions, and often as to all violations of the existing law already committed." Mouras vs. Schooner Brewer, 17 Louis. Ann., 82; Keller vs. State, 12 Md., 322; Harting vs. The People, 22 N. Y., 95; same case, 26 N. Y., 167.

Such being the well settled provisions of the law, the judgment must be reversed and the defendant discharged.