## EX PARTE WILLIAM PELLS—HABEAS CORPUS.

1. The relief which the act entitled " An act for the relief of persons imprisoned for the non-payment of fine and costs imposed by sentence of any of the courts of this State," approved May 25th, 1891, (Chapter 4075 Statutes), provides shall be had on written application by the convict to the Judge of any Circuit Court or Criminal Court of Record, may be administered by the Supreme Court on writ of *habeas corpus* when there is no Criminal Court of Record in the county where such convict is confined, and the office of Judge of the Circuit is vacant.

2. The purpose of the act of May 25th, 1891, (Chapter 4075 Statutes,) is, that no person sentenced to pay a fine not exceeding three hundred dollars, or such fine and costs, whether with or without imprisonment, shall be confined longer than sixty days for the non-payment of the fine or fine and costs, where he is unable to pay, and that any such person shall be discharged after the expiration of sixty days upon an examination, resulting as contemplated by the act, being made.

3. The act of May 25th, 1891, (Chapter 4075 Statutes,) is not in conflict with section 32 of Article III of the Constitution, ordaining that "the repeal or amendment of any criminal statute

shall not affect the prosecution or punishment of any crime committed before such repeal or amendment."

4. The act of May 25th, 1891, (Chapter 4075 Statutes,) does not repeal the act of March 7th, 1877, (sections 1 and 2, p. 320, McClellan's Digest,) authorizing the County Commissioners to employ persons imprisoned in jail, at labor and allow them credit on fine and costs as therein provided. The act of 1877 is in force to be administered in cases falling within the act of 1891, until at least the end of the sixty days.

This is a case of original jurisdiction.

The facts of the case are stated in the opinion.

*R. W. Williams* for Petitioner.

State vs. Pells.—Indictment, Assault with intent to Murder. Spring Term, A. D. 1891.

Verdict—Guilty of aggravated assault.

Sentence, April 27th, 1891.

That you pay to the State $250 and the costs of this prosecution, including $10 for States Attorney. It is ordered that the Sheriff of Leon county do keep you in custody until the judgment of this court is complied with.

Aggravated assault, penalty (Chap. 3275, Feb. 11, 1881, McClellan's Digest 387, sec. 2), imprisonment in the county jail not more than one year, or fine not exceeding five hundred dollars.

County Convicts (McClellan's Digest 320, secs. 1 and 2). The County Commissioners may employ all per-

sons imprisoned for a failure to pay a fine and costs imposed upon conviction for crime at certain labor and convicts so employed shall receive a credit of thirty cents per day on the amount of the fine. In this case if so employed 5 days per week, and every week, it would require three years and 53 days to make up the $250.

Constitution of the State of Florida, 1885, Declaration of Rights, sec. 8.

Is this not an excessive fine? The petitioner is a very poor man. See his oath.

Constitution of Florida, sec. 17.

The act for the relief of persons imprisoned, etc., approved May 25, 1891, is not an *expost facto* law.

1 Bouvier Law Directory, 549, 50. 7 Am. & Eng. Ency. Law 525 and note; also pages 526-7-8-9, 532 and note 4.

State So. Car. vs. Cooler 3 Lawyers Reports, Annotated, 181-4 and notes (30 S. C. 105).

Calder vs. Bull (3 Dallas 386), 6 Myers Fed. Dec. 582-6.

*Ex parte* Medley (134 U. S. 160) 33 L. Ed. and notes, 835.

Constitution State of Florida, Art. V, sec. 32.

This is not a repeal or amendment of any criminal statute. It is a statute for the relief of a certain class of persons, and is limited in its operation to those who can take the oath therein required who have not prop-

erty to the amount of $20 and whose fine does not exceed $300, leaving the penalty and enforcement thereof against all others, as before.

The act of 1891, approved May 25, 1891, takes effect immediately without reservation, exception or saving clause.

The intention of the makers of the statute is evidenced by the language used in sec. 1.

*Geo. W. Walker* for the State.

RANEY, C. J. :

Pells was convicted on the 27th day of April of the present year, in the Circuit Court of Leon county, of an aggravated assault, and sentenced to pay a fine of $250 and costs, and has been held by the sheriff in the county jail since that time, in default of payment of such fine and costs. On the 29th day of July he presented a petition to the Justice writing this opinion praying, in effect, to be discharged under the provisions of " An act for the relief of persons imprisoned for the non-payment of fines and costs of courts, imposed by sentence of any of the courts of this State," Chapter 4075, approved May 25th, 1891. This statute provides by its first section that from and after its passage no person shall be held in confinement a longer period than sixty days for the non-payment of a fine or fine and costs imposed by sentence of the courts of this

State. Its second section enacts that when any person sentenced by any such court to pay a fine, or fine and costs, whether with or without imprisonment, has been confined in prison solely for the non-payment of such fine and costs, he may make application in writing to the Judge of any Circuit Court or Criminal Court of Record in the county where he is confined, setting forth his inability to pay such fine, or fine and costs, and the judge of such court shall proceed to hear and determine the matter; and if upon examination it shall appear to him that such person is totally unable to pay such fine, or fine and costs, and that he has not any property exceeding twenty dollars in value the judge of such court shall administer to him the following oath : " I do solemnly swear that I have not any property, real or personal, to the amount of twenty dollars, and that I have no property in any way conveyed, or concealed or in any way disposed of, for my future use or benefit, so help me God." That thereupon such person shall be discharged from further custody, the judge giving to the jailor or keeper of the jail a certificate setting forth the facts. There is a proviso that the amount of the fine for which such person shall have been imprisoned shall not exceed three hundred dollars. The statute, by virtue of a special provision therein, took effect upon its approval.

There has never been any Criminal Court of Record in Leon county, and there was at the time the petition

mentioned above was presented, and is now, a vacancy in the office of Circuit Judge of the Second Judicial Circuit, which circuit includes Leon county. Under these judicial conditions, if the circumstances contemplated by the above act exist, we think the prisoner should be discharged upon the *habeas corpus*, and we do not doubt our jurisdiction to administer the relief through this writ. The inquiry into his financial condition can be made through the powers of the court ordinarily invoked in *habeas corpus* proceedings, and the same pains and penalties will result to the petitioner from any false swearing that would result in any case of false swearing on a hearing under such writ.

It is urged on behalf of the State that this statute cannot, in view of section 32 of Article III of the.Constitution, be invoked in favor of Pells, whose case, as the dates given above indicate, is antecedent to the statute. This section of the Constitution is: " The repeal or amendment of any criminal statute shall not affect the prosecution or punishment of any crime committed before such repeal or amendment." Pells was convicted under the second section of the act of February 11th, 1881, (sec. 2, p. 387, McClellan's Digest,) which provides that whoever assaults another with a deadly weapon, not having a premeditated design to effect the death of the person assaulted, shall be deemed guilty of an aggravated assault and upon conviction

shall be punished by imprisonment in the county jail not more than one year, or by fine not exceeding five hundred dollars. Pittman vs. State, 25 Fla., 648, 6 South. Rep., 437.

The origin of the constitutional provision cited is to be found in the effect of the repeal of statutes creating criminal offenses when such repealing acts have not made, either expressly or by implication, a saving provision as to offenses committed prior to the repealing act. The act of 1881, *supra*, has itself no limited notoriety as an agency through which many persons charged with crime under previous statutes, which were repealed by it, were released from further prosecution, and in Higginbotham vs. State, 19 Fla., 557, a case in which there had been, previous to the approval of the act, a conviction of an assault with intent to murder, and a writ of error to the judgment, on which writ the cause was pending in the Supreme Court at the time of the approval of the act, it was held that if a law creating a criminal offense is repealed, and such repealing law contains no saving clause preventing the operation of the repeal as to causes then pending, or continuing the repealed law in force as to pending prosecutions or violations of the then existing law, no further proceedings can, after the repealing law takes effect, be taken under the law so repealed, and that this rule applies to proceedings on appeal as well as to the court having original jurisdiction of the offense,

and as well when the repeal of the law took effect after the removal of the cause to the appellate court as before.

We do not discover, nor is there, in the act of May 25th, 1891, anything which purports to repeal or amend the act of 1881. Any offense committed under the act of 1881, prior to the approval of the latter act, or even subsequent to it, can be prosecuted and punished in the same manner as it could be, had the act of 1885 never been enacted. The offenses defined or created by the former act, and the punishment demanded against any of them by it, are in no wise changed or affected by the act of 1891, and a court would look in vain to the later act to find in it anything changing either the nature of the offenses created, or even the character or degree of the punishment authorized by the act of 1881. In so far as the act of 1881 authorizes the prosecution or punishment of any person, it is not affected by the act of 1391; the same punishment may be inflicted, and the same form of sentence is to be entered as before the approval of the later act. The form of sentence which has been used in this case is that ordinarily used. In addition to judgment that the petitioner pay the fine and costs, it orders that the sheriff "keep him in custody until the judgment of the court is complied with." This order as to custody is not a part of the punishment authorized by the act of 1881; it is simply an award of process, which process

is the common law process of a *capias* against the body of the person, for enforcing the penalty adjudged, and this award of process, though made as a consequence of a conviction of the offense created or defined, and punished by the act of 1881, is not made under it, but under the common law, as recognized in act of January 9th, 1849, Chapter 217 (sec. 8, pp. 294-5 McClellan's Digest). *Ex parte* Bryant, 24 Fla., 278.

The purpose of the act of 1891 was to prevent the indefinite imprisonment of persons sentenced to pay a fine, or fine and costs. as the result of inability to pay such fine or costs. It has happened in several instances that persons have been held in custody for a considerable length of time solely because of their inability to pay the fine and costs, or the costs when the sentence inflicted imprisonment and the term had been served or had expired. These instances (in some of which relief has been found at the hands of the pardoning board), and the provisions of the eighth section of the Declaration of Rights, that "indefinite imprisonment shall not be allowed," have led to the enactment of the act of 1891, referred to above, and another approved June 12th, 1891, Chapter 4026, and entitled "An act regarding sentences in criminal cases." the provisions of which need not be noticed now.

It is also urged that the act of May 25th, 1891, repeals the act of March 7th, 1877, (secs. 1 and 2, p. 320, McClellan's Digest,) which authorizes the County Com-

missioners of the several counties to employ persons imprisoned in jail under sentence upon conviction for crime, or for a failure to pay fine and costs imposed upon conviction for crime, at labor as therein provided, allowing such convicts a credit as therein specified on the amount of fine and costs. Holland vs. State, 23 Fla., 123. This act of 1877 is not repealed by that of May 25th, 1891. It remains in full force and effect to be administered to at least the expiration of the sixty days, but it is not an act under which any one can be prosecuted or punished within the meaning of section 32 of Article III of the Constitution, *supra*.

We have made such an investigation into the financial condition of the prisoner as is contemplated by the last named act, and he has made an oath to the effect required thereby, and we are satisfied that he should be discharged. To this discharge he was entitled on the 26th day of June, and it would have been granted then had the proper application and showing been made.

An order discharging the petitioner from custody will be made.