DANIEL L. ROBERTS, AND FLEMING B. SMITH, PLAINTIFFS IN ERROR VS. THE STATE OF FLORIDA, DEFENDANT IN ERROR.

It is the duty of a court, under the "act regarding sentences in criminal cases;" approved June 12th, 1891, p. 967 R. S., to provide in a sentence imposing a fine and costs a period of time for which the convict shall be imprisoned in the county jail in default of payment of the fine and costs, and the omission to do so is error for which the judgment or sentence will be reversed and he remanded for sentence in compliance with the act, but not for a new trial.

Writ of Error to the Circuit Court for Baker county.

The facts of the case are stated in the opinion of the court.

*W. P. Ward* for Plaintiff in Error.

*The Attorney-General* for Defendant in Error.

RANEY, C. J.:

A separate indictment was presented by the grand

jury, at the Spring term of Baker county Circuit Court, in the present year, against each of the plaintiffs in error, charging him with a violation of the statute prohibiting the sale of spirituous liquors, wines or beer without having obtained a State license therefor, such offense being a misdemeanor; and a plea of guilty having been entered by the defendants, the court pronounced sentence of judgment, in each case, to the effect that the State recover of the defendant the sum of two hundred and fifty dollars and costs, and that the defendant stand committed to the sheriff until the fine and costs are paid.

The error assigned is as to the sentence, and is based on the act of June 12th, 1891, entitled "An act regarding sentences in criminal cases," Chapter 4026 Laws of Florida, p. 55, acts of 1891. The first section of this statute provides that "whenever any court or judge shall under the criminal laws of the State sentence and adjudge a person to pay a fine, or a fine and costs of prosecution, such court or judge shall also provide in such sentence a period of time for which such person shall be imprisoned in the county jail in default of payment of the same," and the second section makes provision on the same principle for cases of fine and imprisonment in either the county jail or the State prison. The third section declares that "upon the expiration of the period of imprisonment fixed as to such default in payment of the fine, or fine and costs, the prisoner shall be discharged from custody."

The contention is that the sentence is erroneous and contrary to law, in that it does not fix a period of imprisonment of the defendant in default of payment of the fine and costs. Of course the clause, that the defendant shall stand committed to the sheriff until the fine and costs are paid, is simply the award of the common law process of a *capias* against the body of the accused, and not an adjudication of punishment; *Ex parte* Bryant, 24 Fla., 278, 4 South Rep., 854; *Ex parte* Pells, 28 Fla., 67, 9 South. Rep., 833; Bishop's Crim. Pro. (3rd ed.), sections 1301-1304; Caldwell vs. State, 55 Ala., 133; and the purpose of the statute under consideration was not to impose new or different punishment on one found guilty of a criminal offense but rather to provide (in response to the constitution's command that "indefinite imprisonment shall not be allowed," sec. 8, Declaration of Rights) against indefinite detention and incarceration heretofore resulting from the non-payment of fines and costs in criminal cases. *Ex parte* Pells, *supra*.

It was the duty of the court under this statute to make provision in each sentence for a term of imprisonment in case of default in payment of the fine and costs. The omission is error and prejudicial to the defendants, and consequently the judgments must be vacated and the causes remanded, not, however, for a new trial, but simply for a proper sentence, which sentence the defendants, under their recognizances, must appear and receive. Where error is confined to the

sentence solely, we fail to see any satisfactory reason for granting a new trial or why it should effect any prior step in the cause, but are satisfied that such error should not be given a retroactive affect. 1 Bishop's Crim. Pro., sections 1373, 1374; McClellan's Digest, section 5, p. 455, section 7, p. 456; Revised Statutes, sections 2974, 2977; Keech vs. State, 15 Fla., 591; Palatka & Indian River Ry. Co. vs. State, 23 Fla., 546, 559, 3 South. Rep., 158; Lacy vs. State, 15 Wis., 13; Kelly and Little vs. State, 11 Miss. (3 Smedes & M.), 518; Oliver vs. State, 6 Miss. (5 Howard), 14; Drew vs. Commonwealth, 1 Wharton (Penn.), 279; Beale vs. Commonwealth, 25 Penn. St., 11; People vs. Riley, 48 Cal., 549; Brown vs. State, 13 Ark. (8 English), 96; State vs. Smith, 6 Blackf., 549.

Judgment will be entered in this court in each case that it be remanded for proceedings in accordance with the above views.