J. B. White, as Chief of Police of the City of New Smyrna, Volusia County, Florida, *Plaintiff in Error,* v. Mrs. Hattie White, *Defendant in Error.*

149 So. 375.

En Banc.

Decision filed January 19, 1933.

Decision on Rehearing filed January 14, 1933.

*Francis P. Whitehair* and *Hull, Landis & Whitehair,* for
Plaintiff in Error;

*Z. Bass* and *Scarlett & Futch,* for Defendant in Error.

PER CURIAM.—In this cause Mr. Chief Justice BUFORD,
Mr. Justice ELLIS and Mr. Justice BROWN are of opinion that
the judgment in this cause should be affirmed, while Mr.
Justice WHITFIELD, Mr. Justice TERRELL and Mr. Justice
DAVIS are of opinion that the said judgment should be
reversed.   When the members of the Supreme Court, sitting
six members in a body and after full consultation, it appears
that the members of the Court are permanently and equally
divided in opinion as to whether the judgment should be
affirmed or reversed, and there is no prospect of an imme-
diate change in the personnel of the Court, the judgment
should be affirmed; therefore it is considered, ordered and
adjudged under the authority of State ex rel. Hampton v.
McClung, 47 Fla. 224, 37 So. R. 51, that the judgment of
the Circuit Court in this cause be and the same is hereby
affirmed.

Affirmed.

BUFORD, C. J., and WHITFIELD, ELLIS, TERRELL, BROWN
and DAVIS, J. J., concur.

## On Rehearing.

ELLIS, J.—On the 19th day of February, 1932, the Hon-
orable M. G. Rowe, Judge of the Seventh Circuit for Volusia
County, discharged Hattie White from the custody of J. B.

White, Chief of Police of the City of New Smyrna, upon a petition for a writ of habeas corpus.

The writ was issued on February 18th and on the day following the Chief of Police made a return. Aside from the gratuitous information contained in the return that Hattie White had been convicted in the Municipal Court of the offense of "having in her possession in said City spiritous, vinous or malt liquors, in violation of Section 328 of the Code of the City of New Smyrna," and the further information that she was adjudged to be guilty of the alleged offense and sentenced to pay a fine of fifty dollars and in "default of the payment of such fine to be confined in the City Jail of the City of New Smyrna for a period of sixty (60) days," and that she failed to pay the fine, the return showed that the "Municipal Judge thereupon issued a commitment commanding respondent to convey said petitioner to the City Jail of said City of New Smyrna and there safely keep her until the judgment of said Court had been satisfied."

The commitment referred to in the return, a copy of which was attached, does not show that the Chief of Police, the respondent, was required to keep the petitioner in custody, but that he should deliver her to the "keeper" of the City Jail, who was required to "receive" her and "safely keep *him* subject to the direction of the City Commission" (italics mine) until the judgment of the court be satisfied.

Whether the "keeper" of the City Jail and the respondent were the same person does not appear from the record. In any event the commitment does not conform to the judgment as to the duration of imprisonment. The judgment was that the accused "pay a fine of Fifty Dollars ($50.00) and costs, or in default of the payment of such fine" that she "be confined in the City Jail" for a "period of sixty (60) days." The commitment required the keeper of the jail to keep her

"subject to the direction of the City Commission" of the City "until the judgment of this Court is satisfied or either *he* be thence discharged by due course of law" (Italics mine).

Neither the judgment nor commitment recites that the accused defaulted in the payment of the fine. The court was expected to obtain the necessary information on that very material point from the return made by the Chief of Police, who states "that the said petitioner failed to pay such fine" and "said Municipal Judge *thereupon* issued a commitment," etc. (Italics mine). Whether the fine was paid is a matter which has no place in the return. The record does not disclose that the Chief of Police had any duty at all to perform in the matter of its collection, and its incorporation in his return was improper as his sole authority for the detention of the accused was the commitment from the Municipal Court, a copy of which was attached to the return. It does not appear from the commitment that it was issued because the accused had failed to pay the fine, as the language of the return made by the Chief of Police would indicate. The return states that she "failed to pay" the fine and the Judge "thereupon" issued the commitment.

It appears that the judgment was entered on the 16th of February and that the commitment was issued the same day. The order was that the accused be delivered to the "keeper" of the jail who was directed to "safely keep him" until the "judgment of this Court is satisfied." So there is nothing in the return of the Chief of Police worthy of any consideration in this proceeding save that portion which shows his authority for the detention of the accused as consisting of the writ of commitment. See Martin v. Karel, 363 Fla. 106, 143 South. Rep. 317.

The petition alleges that three days before Mrs. White's conviction, at 10 o'clock P. M., her house was entered and

searched and she was arrested without any kind of warrant whatsoever and was "there and then * incarcerated" in the "common jail of the City of New Smyrna" and "is still restrained of her liberty under said illegal and unlawful search." Nothing in the record contradicts that allegation.

The petitioner answered the return and alleged that the "pretended conviction herein is void because the Court did not have jurisdiction of the person of this petitioner in that her arrest was void *ab initio* in that her dwelling house was broken open in the night time, to-wit, about 10:00 o'clock P. M., without any warrant having been issued and she was forcibly arrested for an alleged misdemeanor and thrown into jail;" that her pretended conviction was void "in that it is based upon illegal evidence taken from her dwelling house without any search warrant." That answer was sworn to by the petitioner before the Circuit Judge. The answer was dated and filed on the 19th of February and on the same day the Circuit Judge ordered her discharged from custody.

On the 23rd day of February, 1932, the respondent moved the court for an order directing the Clerk of the Circuit Court to issue a writ of error. The motion was granted and the Clerk was directed to issue a writ of error. Not until the 12th of August, 1932, nearly six months thereafter, was a praecipe filed for the writ which was issued on the same day. The record was made up under Special Rules numbered 1, 2, 3, Circuit Courts Law Actions. The petitioner filed a request with the Clerk that a "transcript (of) the testimony taken before the Honorable M. G. Rowe, Judge of the Seventh Judicial Circuit of Florida, upon the hearing of the petitioner for writ of Habeas Corpus on the 17th day of February, A. D. 1932" be copied and made a part of the transcript. That request was not complied with. There is

a statement in the record, over no one's signature, that "no copy of testimony taken before" the Judge "upon the hearing of the petition for writ of Habeas Corpus, on the 17th day of February, A. D. 1932 has been filed."

The contention is made by plaintiff in error first, that since the record discloses a warrant was issued against the petitioner that issue, in so far as it was involved in the case, should have been found against the petitioner because it was not so defective in its allegations as to wholly fail to allege an offense against the city ordinance; secondly, that as the petitioner grounded her right to a discharge upon the allegation that her "conviction was based upon illegal evidence" and as the writ of habaes corpus may not be used to test the sufficiency of evidence upon which a charge may have been based, the trial court should have decided that issue against the petitioner. The above two errors, it is urged, are affirmatively made to appear by the record.

Now in this case, the burden of affirmatively making the alleged error of the Circuit Court to appear must be carried by the plaintiff in error, because all presumptions and intendments are in favor of the correctness of the judgment of the Circuit Court which must be overcome, if it can be done, by the person who complains that error was committed, and error of such a substantial nature as to be harmful to the complaining party.

The above rule applies in habeas corpus proceedings arriving here on, writ of error. The rule is thoroughly established in the jurisprudence of this State and citations of decisions are unnecessary to support it.

The statement in the order discharging the petitioner is that the cause came on to be heard "on the writ of habeas corpus heretofore issued herein and the return thereto of

J. B. White, the Respondent." That statement is presumed to be correct. Jones v. State, 44 Fla. 74, 32 South. Rep. 793.

If the cause was heard by the Circuit Judge merely on the writ of habeas corpus and the return thereto the second point made by counsel for plaintiff in error would seem to be eliminated as it is not made affirmatively to appear that the trial judge heard or considered any evidence in the matter. If evidence was taken as a matter of fact it certainly was the duty of the plaintiff in error to produce it in this record. So the second question is purely academic.

The judge discharged the petitioner on the sheriff's return and the writ of habeas corpus. The writ was issued because the court was of the opinion that the municipal court had never acquired jurisdiction of the person of the petitioner. In that conclusion he was supported by the allegations of the petition. The petitioner said she was illegally restrained of her liberty because before any warrant had been issued against her, before she was charged with any offense, the peace officers of the city government, working under J. B. White, Chief of Police, entered her house in the night time, searched her dwelling, took her into custody, placed her in the city jail where she was then held in restraint of her liberty. The return was that she was held under a commitment issued by the Municipal Judge commanding the respondent to convey the petitioner to the city jail and safely keep her there until the judgment of the court had been satisfied. A copy of the commitment was attached to the return. The commitment recited the judgment and stated that the accused had been convicted of the "offense of illegal possession of intoxicating liquors committed in the said City of New Smyrna."

The authority for the trial of the accused, according to the showing made by the record, is Section or Ordinance 329

which provides that the penalty for violating Section 328, a copy of which also appears in the record, shall be a fine of not less than fifty ($50.00) dollars nor more than five hundred ($500.00) dollars, *or* by imprisonment in the city jail for a period of not less than ten days nor more than sixty days, or by both such fine and imprisonment in the discretion of the court. There is no authority for imprisonment in default of the payment of the fine. The judgment and sentence imposed a fine of fifty dollars, not both fine and imprisonment. The alternative of imprisonment in default of the payment of a fine was not authorized by the ordinance exhibited in the record. Yet the commitment was to the city jail "until the judgment of this Court is satisfied." As there was no authority for imprisonment in default of payment of fine, the judgment and sentence was merely the imposition of a fine, so the commitment which required imprisonment "until the judgment of this Court is satisfied" was void.

A commitment, or mittimus, has been likened to an execution after judgment in a civil case. It is final process. It is carrying into effect the judgment of the court. Scott v. Spiegel, 67 Conn. 349, text 359, 35 Atl. Rep. 262.

It is styled a warrant and must set forth the crime alleged. Saunders v. United States, 73 Fed. Rep. 782, text 785.

The term during which the accused was to be imprisoned is no part of the commitment because that is fixed by statute. People v. Degan, 54 Barb. (N. Y.) 105.

The commitment cannot vary or contradict the judgment on which it is based. Biddle v. Shirley, 16 Fed. Rep. (2nd) 566, text 567.

. The commitment or mittimus is the final process for carrying the judgment into effect. The petitioner is detained

not by virtue of the warrant of commitment but on account of the judgment and sentence. Howard v. United States, 75 Fed. Rep. 986, text 989, 34 L. R. A. 509; People ex rel., Trainor v. Baker, 89 N. Y. 460, text 465; 16 C. J. Sec. 3122.

The commitment in this case showed on its face that the judgment was void for duplicity and uncertainty, because the court had no power to sentence the accused to imprisonment in default of payment of a fine. At least the record discloses no such authority, and the Circuit Court's judgment in ordering the discharge of the prisoner is presumed to be correct.

The power of the State Court to impose a sentence of imprisonment in default of the payment of a fine imposed exists by virtue of statute. Sec. 8419 C. G. L. 1927; see Thomas v. State, 74 Fla. 200, 76 South. Rep. 780, text 784.

Aside from the above point, there was a question whether the Municipal Court acquired jurisdiction of the person of the accused because her arrest was illegal. In this regard the writer reiterates the language used by him in a former opinion in this case.

I am also of the opinion that no offense against the ordinances of the city was charged in the warrant and that the entire proceeding was void.

The judgment of the Circuit Court is affirmed.

BROWN, J., concurs.

DAVIS, C. J., and BUFORD, J., concur in the affirmance.

WHITFIELD and TERRELL, J. J., dissent.

DAVIS, C. J., concurring in affirmance.—On the previous consideration of this case I concurred in an opinion that the judgment should be reversed because there was apparently nothing in the record to warrant the judgment discharging

the prisoner from custody under what appeared to me to be a valid, though perhaps irregular, commitment emanating from a Municipal Court whose proceedings, unless void, should not be rendered ineffectively on a purely collateral attack on habeas corpus, presented as a substitute for an appeal.

A reconsideration of the case on rehearing impels me to now concur in an affirmance of the order granting discharge on the ground that plaintiff in error has not made it clearly enough to appear in the record that the presumption in favor of the Circuit Court's judgment being correct should be over-thrown—it appearing from the recitals of the discharge order that other sufficient matters not evidenced to the Court in the present record *may* have actuated the Circuit Court's ruling. Either a bill of exemption, or a certificate from the judge that none was necessary to disclose any matter in *pais,* would have eliminated this point."