HARRY E. HAND, as Sheriff, v. IRA SMITH.

170 So. 123.
Division B.
Opinion Filed October 1, 1936.
Rehearing Denied November 2, 1936.

*George P. Garrett,* for Plaintiff in Error;

*Akerman & Hodges* and *J. F. Burrow,* for Defendant in Error.

BUFORD, J.—The writ of error brings for review judgment of the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida, discharging petitioner in habeas corpus from custody of the Sheriff on motion to quash return to the writ.

Petitioner alleged that he was unlawfully restrained of his liberty under the "pretense and by virtue of a certain void warrant issued by the Justice of the Peace of the First District of Orange County, Florida." A copy of the warrant was attached to the petition.

Petition further alleged that "no probable cause existed for the procurement or issuance of such warrant." It further alleged "That the bail under which the defendant is being held and being restrained of his liberty is excessive and contrary to the statutes and constitutional provisions of the laws in Florida in such case made and provided."

.The copy of the warrant attached to and made a part of the petition, omitting the style of the case and the signature, is as .follows:

"In the Name of the State of Florida, to the Sheriff or any Constable of said County:

"WHEREAS, George Fields has this day made oath before me that on the 15th day of February, A. D. 1936, in the County aforesaid, one

"Ira Smith being then and there the servant and agent of A. W. Spinney & Co., Inc., a Corporation of Orlando, Orange County, Florida, did receive into his possession, care, custody and control, by reason of his employment as aforesaid Seventy-five Dollars ($75.00) of good and lawful money of the United States of America, a better description of said money being to affiant unknown, of the money, property, goods, and chattels of the said A. W. Spinney & Co., Inc., a Corporation of Orlando, Orange County, Florida, and did then and there unlawfully and feloniously embezzle and fraudulently convert to his own use the aforesaid money, property, goods and chattels contrary to the statute in such case made and provided, and against the peace and dignity of the State of Florida. These are, therefore, to command you to arrest instanter the said Ira Smith and bring him before me to be dealt with according to law.

"Given under my hand and seal this 15th day of February, 1936."

The Return of the Sheriff was as follows:

"ENDORSEMENT: Received this writ this the 21st day of February, A. D. 1936, and in response thereto bring Ira Smith before the said court, and say that my restraint of

him is by virtue of a legal commitment issued out of the Justice of Peace Court 1st District, Orange County, Florida. This the 21st day of February, A. D. 1936.

"HARRY HAND, Sheriff Orange County, Florida.
"By JOSEPH E. BROWN, Deputy Sheriff."

The judgment entered is as follows:

"This cause came on this day to be heard on motion of the petitioner to quash the returns on the writ herein and the Court having heard and considered the same and being advised in the premises:

"IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that said motion be and the same is hereby granted and sustained. It is further ordered that the petitioner be, and he is hereby released and discharged from custody to go hence with delay.

"It is further ordered that the costs in this case be, and the same are hereby taxed against Orange County, Florida. DONE AND ORDERED in the CHAMBERS at Orlando, Orange County, Florida, this 21st day of February, A. D. 1936."

The transcript does not show that any evidence was taken or that anything was considered by the court below except the copy of the warrant and the return of the sheriff.

The affidavit on which the warrant was based is not included in the record here, but the warrant purports to quote the charge as contained in the affidavit.

So it appears to us that the only question presented for our determination is whether or not the charge as embraced in the warrant is sufficient to constitute a charge of embezzlement under the provisions of Section 5146 R. G. S., 7247 C. G. L. This question must be determined adversely to the contentions of the defendant in error. In fact, it has not been pointed out by the defendant in error wherein the allegations failed to meet the requirements of law.

There is an intimation before us in the briefs that some testimony may have been taken by the Circuit Judge on the question of probable cause to hold the defendant to answer the charge. But there is nothing in the record to show more than is stated in the Judge's Order, to-wit: "This cause, coming on this day to be heard on motion of petitioner to quash the return on the writ herein and the court having heard and considered the same and being advised in the premises * * *"

We are not unmindful of what was said in the case of *Ex Parte* Amos, 93 Fla. 5, 112 Sou. 289, as follows:

"The writ of *habeas corpus* is a writ of right. It is sometimes issued upon very informal application, *Ex Parte* Pells, 28 Fla. 67, 9 Sou. Rep. 833. Neither the right to the writ nor the right to be discharged from custody in a proper case is made to depend upon meticulous observance of the rules of pleading. The purpose of bringing the petitioner before the court is to inquire into the legality of his detention and if during the proceedings it appears formally or informally to to the court's satisfaction that the person is unlawfully deprived of his liberty and is illegally detained in custody against his will he will be discharged. If the act charged constitutes no offense or if the statute denouncing the act as a crime is void, the process is illegal, the court is without jurisdiction, the petitioner is unlawfully held. The question of guilt or innocence of the petitioner, where he is charged with an offense against the law of the State, although the indictment is defective as a sufficient pleading, or inartificially drawn, will not be considered by the Court on *habeas corpus.*"

In White v. Penton, 92 Fla. 837, 110 Sou. 533, we held:

"'The object of the writ of habeas corpus is not to determine whether a person has committed a crime or the

justice or injustice of his detention on the merits, but whether he is legally imprisoned or restrained of his liberty.

"The use of the writ to test the sufficiency of the evidence upon which a charge may have been based is not sanctioned by this Court. Nor is that writ available to review the sufficiency of a substantive defense."

And in McLeod v. Chase, 95 Fla. 736 (a), 116 Sou. 858, we held:

"A person held in confinement under a state of facts which constitutes no offense under the law is held unlawfully and may be discharged from such confinement on writ of *habeas corpus*.

"Where a person held in unlawful imprisonment under a state of facts which constitutes no criminal offense takes a writ of error to a judgment in *habeas corpus* proceedings remanding him to the custody of the officer by whom he is held and pending the proceedings in error is released on bond the writ should not be dismissed, but the petitioner should be discharged where the facts alleged and shown to exist constitute no criminal offense."

From the record presented here it is apparent that the petitioner was held under a warrant issued upon an affidavit which did not entirely fail to charge a criminal offense under the laws of the State of Florida and the transcript of the record as presented here fails to disclose any reason whatever for the order of discharge except sustaining the motion to quash the return of the Sheriff.

In the case of White v. White, 108 Fla. 380, 149 Sou. 375, we said:

"The contention is made by plaintiff in error first, that since the record discloses a warrant was issued against the petitioner that issue, insofar as it was involved in the case, should have been found against the petitioner because it was not so defective in its allegations as to wholly fail to

allege an offense against the city ordinance; secondly, that as the petitioner grounded her right to a discharge upon the allegation that her 'conviction was based upon illegal evidence' and as the writ of habeas corpus may not be used to test the sufficiency of evidence upon which a charge may have been based, the trial court should have decided that issue against the petitioner. The above two errors, it is urged, are affirmatively made to appear by the record."

In regard to the second stated contention, we said:

"If the cause was heard by the Circuit Judge merely on the writ of habeas corpus and the return thereto the second point made by counsel for plaintiff would seem to be eliminated as it is not made affirmatively to appear that the trial judge heard or considered any evidence in the matter. If evidence was taken as a matter of fact it certainly was the duty of the plaintiff in error to produce it in this record. So the second question is purely academic."

In this case, as in the White case, the order of the Judge is indicative of its own basis.

A motion to quash does not raise the question of the sufficiency of evidence to show the probable guilt of the defendant. Therefore, we must assume that it was the purpose of the trial court in entering the order of discharge to hold that the return when considered with the warrant attached to and made a part of the petition was insufficient to show that the defendant was charged with a criminal offense.

Under the conditions above stated, the judgment should be reversed and the cause remanded for such further proceedings in the court below as may be in accordance with law and the rules of practice.

It is so ordered.

ELLIS, P. J., and TERRELL, J., concur.

WHITFIELD, C. J., and BROWN and DAVIS, J. J., concur in the opinion and judgment.