PER CURIAM.
Upon review of the record and consideration of the assignments of error, briefs, and argument of counsel in this cause, we conclude that the only material error herein lies in the fact that the defendants were sentenced in accordance with the provisions of Sections 921.17-921.23, Florida Statutes (1957), F.S.A., which are adapted from Chapter 57-366, Laws of 1957, whereby the trial court is vested with discretion to impose an indeterminate period type of sentence upon a person convicted of a noncapital felony, rather than under the law applicable at the time of the commission of the crime.
Section 32 of Article III, Constitution of Florida, F.S.A., provides that the re *774 peal or amendment of any criminal statute shall not affect the prosecution or punishment of any crime committed before such appeal or amendment.
In Turner v. State, 1924, 87 Fla. 155, 99 So. 334, it was held error for the trial court to sentence the convicted defendant according to the provisions of a statute enacted subsequent to the date of the crime; that sentence should have been imposed under the law in effect at the time the crime was committed.
In the instant case it is clear that the parent law out of which Sections 921.17-921.23, Florida Statutes, F.S.A., were carved was not in effect when the subject crime was committed, hence the sentence imposed thereunder is invalid and it is vacated.
The conviction is affirmed and this cause is remanded with directions that the appellants be sentenced according to law.
WIGGINTON, C. J., and STURGIS and CARROLL, DONALD K., JJ., concur.