W. SHARP, Judge,
dissenting.
I respectfully dissent. Pursuant to the majority in B.H. v. State, 622 So.2d 615 (Fla. 5th DCA 1993), section 39.061 is constitutional as applied to D.F. in this case because D.F. was committed to a juvenile facility after October 1,1990 when the juvenile judge set the restrictiveness levels. I disagree with that premise, as I have stated in my dissent in B.H., and I continue to note a conflict with our sister courts. See D.P. v. State, 597 So.2d 952 (Fla. 1st DCA 1992). See also State v. Davis, 619 So.2d 517 (Fla. 4th DCA 1993); State v. Brower, 608 So.2d 536 (Fla. 2d DCA 1992).
However, that leaves us in this case with a situation where a juvenile defendant has been charged and convicted under a nonexistent criminal statute. Section 39.112 was repealed October 1, 1990. A critical element of section 39.061 [1] (whether D.F. escaped from a Level VI or above facility) was not alleged in the petition filed against her on August 18, 1992. It merely says D.F. escaped from “Brevard Halfway House ... maintained for the treatment, rehabilitation or detention of children who are alleged or found to have committed delinquent acts or violation of law, contrary to section 39.112, Florida Statutes (1989) and section 944.40, Florida Statutes.” (emphasis supplied)
A criminal conviction based on a nonexistent statute should be reversed. Gironda v. State, 263 So.2d 193 (Fla.1972) (conviction obtained under statute declared unconstitutional must be reversed); Higginbotham, v. State, 19 Fla. 557 (1882) (conviction invalid where statute repealed after crime committed but before prosecution where no savings clause in statute); Moosbrugger v. State, 461 So.2d 1033 (Fla. 2d DCA), approved, 472 So.2d 742 (Fla.1985); Sing v. State, 115 So.2d 773 (Fla. 1st DCA 1959).

. Section 39.061, Florida Statutes (1991) states:
Escapes from secure detention or residential commitment facility of restrictiveness level VI or above. — An escape from any secure detention or any residential commitment facility of restrictiveness level VI or above maintained for the treatment or rehabilitation of children found to have committed delinquent acts or violations of law constitutes escape within the intent and meaning of s. 944.40 and is a felony of the third degree.