W. SHARP, Judge,
dissenting.
I respectfully dissent for the reasons set out in my dissent in B.H. v. State, 622 So.2d 615 (Fla. 5th DCA 1993). In my view, section 39.112 was effectively repealed by section 39.061 on October 1, 1990. In this case, T.L.B. was charged and convicted of escape pursuant to section 39.112 which is a nonexistent criminal statute. Accordingly, the judgment below should be reversed. Gironda v. State, 263 So.2d 193 (Fla.1972) (conviction obtained under statute declared unconstitutional must be reversed); Higginbotham v. State, 19 Fla. 557 (1882) (conviction invalid where statute repealed after crime committed but before prosecution where no savings clause in statute); Moosbrugger v. State, 461 So.2d 1033 (Fla.2d DCA), approved, 472 So.2d 742 (Fla.1985); Sing v. State, 115 So.2d 773 (Fla. 1st DCA 1959).
*1121 Further, pursuant to the majority opinion in B.H., since T.L.B. was committed after October 1, 1990 to a “Level VI or above” juvenile facility (§ 39.061), and the juvenile judge set the restrictiveness level pursuant to section 39.052(3)(e)(3), there is no constitutional 'problem with section 39.061. According to B.H. section 39.061 was constitutional as applied to T.L.B., and thus, it could not have revived section 39.112. In summary, the logical result of B.H. is that T.L.B. was charged and convicted of escape under a nonexistent criminal statute, and the judgment of delinquency should be vacated. Or, is this court now receding from the first half of B.H ?
In any event, I continue to urge that we recognize conflicts in this area with our sister courts. See State v. Davis, 619 So.2d 517 (Fla. 4th DCA June 16, 1993); R.A.H. v. State, 614 So.2d 1189 (Fla. 1st DCA 1993); State v. Brower, 608 So.2d 536 (Fla.2d DCA 1992); D.P. v. State, 597 So.2d 952 (Fla. 1st DCA 1992). There is now only one court in this state that can unravel the discord. Fla. App.P. 9.030(a)(2)(A)(iv).