STATE OF FLORIDA *ex rel.* E. J. HARRIS, *Plaintiff in Error*, v. LESLIE QUIGG, CHIEF OF POLICE, CITY OF MIAMI, FLORIDA, *Defendant in Error*.

Opinion Filed June 15, 1923.

1. The provision of Section 3, Chapter 8410 Acts of 1921, that it shall be unlawful for any county or municipality to collect any license or registration fee on any motor driven vehicle, trailer or semi-trailer, or motorcycle side car in this State, does not deprive a municipality of authority to require license to be paid by drivers of automobiles and trucks in the municipality for hire, where such authority has been duly conferred by charter or other statute.

2. The ordinance of the city of Miami imposing the license tax on the occupation of driver of vehicles for hire, does not by indirection impose a license tax on the motor driven vehicle he drives, so as to violate the statute. A license tax on the vehicle and a license tax on the occupation as driver of the vehicle for hire, are distinct. Drivers of motor vehicles for hire in the city may need special regulation and supervision in the public interest, and this is not covered by a State license tax on the vehicle which is used for road maintainance.

3. The ordinance of the City of Miami imposing a license tax on drivers of automobiles and trucks for hire in the city is predicated upon a reasonable classification; it does not hinder or burden legitimate competition and does not deny equal protection of the laws.

A Writ of Error to the Circuit Court for Dade County; H. F. Atkinson, Judge.

Affirmed.

*Taylor & Taylor*, for Plaintiff in Error;

*A. J. Rose* and *J. W. Watson, Jr.*, for Defendant in Error.

WHITFIELD. J.—This writ of error was allowed and taken to a final order remanding the plaintiff in error to custody under a conviction in the municipal court for operating a car for hire without a city license required by the following ordinance of the City of Miami:

"Section 1.   That an automobile license for each individual driver of an automobile for hire and each individual driver of a truck for hire is hereby fixed as follows:

"Section 2.   For each individual driver of any automobile for hire operating on the streets of the City of Miami.....................$10.00
For each individual driver of any truck for hire operating on the streets of the City of Miami ...............................$10.00

"Section 3.   That from and after the passage of this, ordinance no person. shall engage in the driving of an automobile for hire or a truck for hire which operates upon the streets of the City of Miami without first having paid the occupation license hereby required.

"Section 4. Licenses shall expire on the 31st day of December, of each year. No license shall be issued for more than one year and for each license obtained from July 1st to December 31st, one-half of the full tax for one year shall be paid.

"Section 5. Any person violating the provisions of this ordinance shall be subject to a fine of not more than $100.00, or be imprisoned not more than thirty days.

"Section 6. This ordinance is hereby declared to be an emergency measure on the ground of urgent public need for the preservation of peace, health, safety and property."

The court below stated in the final order remanding the petitioner that "the relator was convicted in the municipal court of the City of Miami for violation of an ordinance of the City of Miami, requiring each individual driver of an automobile for hire or driver of a truck for hire operating on the streets of Miami to pay a license tax of Ten ($10.00) Dollars.

"The ordinance is attacked by relator on the grounds that the same is in conflict with the State law; that it is unreasonable, oppressive, and is class legislation, but upon consideration, the court finds that the State law which prohibits the municipalities and counties from licensing motor driven vehicles is not applicable in this case. The ordinance appears to require all drivers of automobiles for hire and trucks for hire to pay the same license tax, Ten ($10.00) Dollars. Therefore, it does not discriminate as between different classes or persons, or persons of the same class.

"The City Charter of the City of Miami gives to the City Commissioners full power and authority to enact ordinances imposing a license tax upon different occupa-

tions, businesses, professions, etc. The court does not consider the ordinance unreasonable or oppressive.

"For reasons above stated, it is therefore ordered, that relator be and he is hereby remanded to the custody of the Chief of Police of the City of Miami, and that the writ of habeas corpus herein filed be and the same is hereby dismissed at the cost of the relator."

The provision of Section 3, Chapter 8410, Acts of 1921, amending Section 1013, Revised General Statutes of 1920, that "It shall be unlawful, for any county or municipality to collect any license or registration fee on any motor driven vehicle, trailer or semi-trailer, or motorcycle side car in this State," does not deprive a municipality of authority to require license to be paid by drivers of automobiles and trucks, where such authority has been duly conferred by charter or other statute.

The quoted statutory inhibition is confined to "license or registration fee on any motor driven vehicle" and does not include drivers of such vehicles for hire, therefore the city, as in this case, having power to impose license taxes upon the drivers of motor driven vehicles for hire may, do so without violating the quoted statute.

The ordinance of the city imposing the license tax on the occupation of driver of vehicles for hire, does not by indirection impose a license tax upon the motor driven vehicle he drives, so as to violate the statute. A license tax on the vehicle and a license tax on the occupation as driver of the vehicle for hire, are distinct. Drivers of motor vehicles for hire in the city may need special regulation and supervision in the public interest, and this is not covered by a State license tax on the vehicle which is used for road maintenance.

The ordinance applies to all drivers of automobiles and trucks for hire operating on the streets of the city and this

is a reasonable and practicable classification based on the manifest differences that exist between the occupation of driver of vehicles for hire and the occupation of driver of vehicles not for hire on the streets of a city. The license tax does not hinder or burden legitimate competition for it applies to all drivers of automobiles and trucks that are used for hire on the streets of the city and that is a distinct class among occupations. If it be a fact that drivers of vehicles not for hire are not required to pay a license tax, the plaintiff in error is not denied the equal protection of the laws or the protection of equal laws because the permissible classification that includes him does not embrace others who might have been included in a broader classification, when those within the class are legally formed are accorded equal treatment under the ordinance. See Middleton v. Texas Power and Light Co., 249 U. S. 152, 39 Sup. Ct. Rep. 227; Rosenthal v. People of State of New York, 226 U. S. 260, 33 Sup. Ct. Rep. 27; Dutton Phosphate Co. v. Priest, 67 Fla. 370, 65 South. Rep. 282.

Affirmed.

TAYLOR, C. J., AND ELLIS, BROWNE, WEST AND TERRELL, J. J., concur.