R. A. MASTERS v. T. J. COBB, Chief of Police.

149 So. 337.

Division B.

Opinion Filed July 6, 1933.

*Alto Adams,* for Petitioner;

No appearance for Defendant.

BUFORD, J.—This case is before us on writ of error to the Circuit Court of St. Lucie County to a judgment denying writ of habeas corpus and remanding petitioner to custody of chief of police of the City of Fort Pierce.

The petition shows that the petitioner was a driver of a truck operated by Farris & Company, meat packers of the City of Jacksonville, in the delivery of the meats sold by that company to its customers in the cities along the East Coast of Florida and particularly to merchants within the city limits of Fort Pierce. That petitioner had been arrested and was restrained of his liberty for violating subsection 9 of Section 1040 of the city code of the City of Fort Pierce, which reads as follows:

"Trucks and vehicles, doing business with, selling and/or delivering from, to merchants and others, not otherwise licensed—$25.00."

The most that can be made out of the allegations of the petition is that the petitioner was charged with violating an ordinance providing for the payment of license and that he contended that the ordinance could not apply to him because he was the driver of a truck which was a motor vehicle belonging to Farris & Company, wholesale meat dealers in Jacksonville, and that the truck was being used in the business of Farris & Company in the delivery of their merchandise to their customers and that the City of Fort Pierce could not impose a license tax upon such a truck because to do so would violate the provisions of Section 1013, R. G. S., 1287 C. G. L.

The petition is sufficient to show *prima facie* right of

the petitioner to the writ of habeas corpus. See State v. Quigg, 86 Fla. 51, 96 Sou. 8.

Under the statute above referred to, unless the City be otherwise empowered by the provisions of its charter, a municipality is prohibited from imposing a license tax on the use of motor-driven trucks which are used for the purpose of merely delivering goods, wares and merchandise from the vendors thereof to the purchasers thereof within the city limits. This would not preclude the city from imposing a license tax for the privilege of conducting a business in a truck within the city limits because that would be the imposition of a license tax for the privilege of doing business. The petition in this case alleges that the petitioner is being restrained of his liberty not for conducting a business in a truck within the city limits but because the truck was used to deliver goods and merchandise within the city limits which were purchased elsewhere for delivery there. If this is true, then the provision of the ordinance is not applicable to this case and could not be made applicable unless the city has charter authority to impose an additional license for the operation of motor vehicles within the city.

For the reasons stated, the judgment should be reversed with directions that the writ issue. It is so ordered.

Reversed.

Davis, C. J., and Whitfield, Ellis, Terrell, and Brown, J. J., concur.