JAMES MESSER v. E. P. JACKSON.

171 So. 660.

Division B.

Opinion Filed December 28, 1936.

*James Messer, Jr., W. J. Oven* and *W. J. Oven, Jr.,* for Plaintiff in Error; *Chas. S. Ausley* and *John C. Ausley,* for Defendant in Error.

BUFORD, J.—The writ of error brings for review judgment in favor of the defendant in a replevin action.

The plaintiff claimed title and right of possession to one Fordson Tractor No. 73856, and one John Deere Two-bottom plow in the possession of E. P. Jackson, the plaintiff's title and right of possession based on retain title contract.

The questions presented require us to determine whether or not Chapter 16803, Acts of 1935, was enacted in accordance with the provisions of the Constitution and, if so, whether or not it is valid or invalid.

The title to the Act as passed reads as follows:

"AN ACT TO PROVIDE FOR THE RECORDING OF ALL BILLS OF SALE, CONDITIONAL BILLS OF SALE, RETAIN TITLE CONTRACTS, CONTRACTS, LIENS OTHER THAN MORTGAGES, AND

Leases upon Personal Property and/or Agricultural, Horticultural or Fruit Crops in Being, or of Any Interest Therein: Providing That Such Instruments Shall Not Be Good and Effectual in Law or Equity. Against Creditors or Subsequent Purchasers for a Valuable Consideration and Without Notice Unless the Same Be Recorded in the County Where Such Property Is Situate at the Time the Instrument Is Executed, or Unless the Property Included in Such Instrument Is Delivered to the Person Relying Upon Such Instrument: Providing That This Act Shall Not Apply to Any Instrument Affecting Household Refrigerators, Furnishings or Utensils, Musical Instruments or Motor Vehicles as Defined in Chapter 9157, Laws of Florida of 1923; and Providing When This Act Shall Become Effective."

The record shows that the Act originated as Senate Bill No. 199. It was referred to a committee in the Senate. The Senate Judiciary "A" Committee proposed a committee substitute. The title to the bill as originally introduced was as follows:

"A Bill to Be Entitled An Act to Provide for the Recording of All Bills of Sale, Conditional Bills of Sale, Retain Title Contracts, Contracts, Liens Other Than Mortgages, and Leases Upon Personal Property and/or Agricultural, Horticultural or Fruit Crops In Being, or of Any Interest Therein: Providing That Such Instruments Shall Not Be Good and Effectual In Law or Equity Against Creditors or Subsequent Purchasers for a Valuable Consideration and Without Notice Unless the Same Be Recorded in the County Where Such Property Is Situate at the Time the Instrument Is Executed, or Unless the Property

INCLUDED IN SUCH INSTRUMENT IS DELIVERED TO THE PERSON RELYING UPON SUCH INSTRUMENT: PROVIDING THAT THIS ACT SHALL NOT APPLY TO ANY SUCH INSTRUMENT AFFECTING HOUSEHOLD REFRIGERATORS, FURNISHINGS OR UTENSILS, MUSICAL INSTRUMENTS, MOTOR VEHICLES OR TRUCKS: AND PROVIDING WHEN THIS ACT SHALL BECOME EFFECTIVE."

The committee substitute, as will be seen from the quotations, struck out the words "or trucks" and inserted in lieu thereof after the words, "motor vehicles" the following: "as defined in Chapter 9157, Laws of Florida of 1923," in the title and made a like change in the body of the Act.

The committee substitute was passed by the Senate and certified to the House of Representatives. After it had been received in the House of Representatives the House Journal of May 23, 1935, page 1100, shows "House Bill No. 169:

"A BILL TO BE ENTITLED AN ACT TO PROVIDE FOR THE RECORDING OF ALL BILLS OF SALE, CONDITIONAL BILLS OF SALE, RETAIN TITLE CONTRACTS, LIENS OTHER THAN MORTGAGES, AND LEASES UPON PERSONAL PROPERTY AND/OR AGRICULTURAL, HORTICULTURAL OR FRUIT CROPS PLANTED, GROWING OR TO BE PLANTED, GROWN OR RAISED, OR OF ANY INTEREST THEREIN: PROVIDING THAT SUCH INSTRUMENTS SHALL NOT BE GOOD AND EFFECTUAL IN LAW OR EQUITY AGAINST CREDITORS OR SUBSEQUENT PURCHASERS FOR A VALUABLE CONSIDERATION AND WITHOUT NOTICE UNLESS THE SAME BE RECORDED IN THE COUNTY WHERE SUCH PROPERTY IS SITUATED AT THE TIME THE INSTRUMENT IS EXECUTED, OR UNLESS THE PROPERTY INCLUDED IN SUCH INSTRUMENT IS DELIVERED TO THE PERSON RELYING UPON SUCH INSTRUMENT: PROVIDING THAT THIS ACT SHALL NOT APPLY TO ANY SUCH INSTRUMENT AF-

FECTING HOUSEHOLD FURNISHINGS OR UTENSILS AND PROVIDING WHEN THIS ACT SHALL BECOME EFFECTIVE,"— was taken up.

Mr. Rogers of Broward moved that Judiciary A Committee substitute for Senate Bill No. 199 be substituted for and considered in lieu of House Bill No. 169, which was agreed to, and Judiciary A Committee substitute for Senate Bill No. 199, "A BILL TO BE ENTITLED AN ACT TO PROVIDE FOR THE RECORDING OF ALL BILLS OF SALE, CONDITIONAL BILLS OF SALE, RETAIN TITLE CONTRACTS, CONTRACTS, LIENS OTHER THAN MORTGAGES, AND LEASES UPON PERSONAL PROPERTY AND/OR AGRICULTURAL, HORTICULTURAL OR FRUIT CROPS IN BEING, OR OF ANY INTEREST THEREIN: PROVIDING THAT SUCH INSTRUMENTS SHALL NOT BE GOOD AND EFFECTUAL IN LAW OR EQUITY AGAINST CREDITORS OR SUBSEQUENT PURCHASERS FOR A VALUABLE CONSIDERATION AND WITHOUT NOTICE UNLESS THE SAME BE RECORDED IN THE COUNTY WHERE SUCH PROPERTY IS SITUATE AT THE TIME THE INSTRUMENT IS EXECUTED, OR UNLESS THE PROPERTY INCLUDED IN SUCH INSTRUMENT IS DELIVERED TO THE PERSON RELYING UPON SUCH INSTRUMENT; PROVIDING THAT THIS ACT SHALL NOT APPLY TO ANY SUCH INSTRUMENT AFFECTING HOUSEHOLD REFRIGERATORS, FURNISHINGS OR UTENSILS, MUSICAL INSTRUMENTS, MOTOR VEHICLES OR TRUCKS; AND PROVIDING WHEN THIS ACT SHALL BECOME EFFECTIVE,"— was taken up.

Mr. Rogers moved that the rules be waived and that Judiciary A committee substitute for Senate Bill No. 199 be read a second time by its title only, which was agreed to by a two-thirds vote. The record shows that Judiciary A Committee substitute for Senate Bill No. 199 was read a

third time on its final passage and passed by a vote of "Yeas, 60; Noes, 11."

Then it appears from the record that: "So Committee Substitute for Senate Bill No. 199 passed, title as stated."

So the record shows that the title as recorded in the Journal of the House of Representatives on the passage of the bill was not the same title as that which had been adopted on the passage of the bill in the Senate and which was certified to the House of Representatives.

The title to the Act as the record shows it passed in the House of Representatives included all motor vehicles and trucks. The title as adopted and as the bill passed in the Senate was limited to "Motor vehicles as defined by Chapter 9157, Laws of Florida, of 1923."

In the case of Hillsborough County v. Temple Terrace Assets Co., 111 Fla. 368, 149 Sou. 473, we held invalid an Act of the Legislature because as that Act passed the House of Representatives the title read as follows: "A BILL TO BE ENTITLED AN ACT TO PROVIDE FOR THE PAVING OF THE PUBLIC ROADS OUTSIDE THE CORPORATE LMIITS OF MU-NICIPALITIES, AND FOR ASSESSING THE COSTS THEREOF AGAINST ABUTTING PROPERTY OWNERS IN COUNTIES OF NOT LESS THAN SEVENTY-FIVE (75,000) THOUSAND NOR MORE THAN ONE HUNDRED (100,000) THOUSAND AC-CORDING TO THE FEDERAL CENSUS OF 1920, AND GIVING THE BOARD OF COUNTY COMMISSIONERS OF SUCH COUNTIES FULL POWER AND AUTHORITY THEREFOR,"—while the same bill, House Bill. No. 142, as it passed the Senate, according to the Senate Journal, was entitled:

"A BILL TO BE ENTITLED AN. ACT TO PROVIDE FOR THE PAVING OF THE PUBLIC ROADS OUTSIDE THE CORPORATE LIMITS OF MUNICIPALITIES AND FOR ASSESSING THE COST THEREOF AGAINST ABUTTING PROPERTY OWNERS IN

Counties of Not Less Than Seventy-Five (75,000) Thousand nor More Than One Hundred (100,000) Thousand According to the Last Federal or State Census, and Giving the Board of County Commissioners of Such Counties Full Power and Authority Therefor."

In that case we held: "The bill as passed by the House and approved by the Governor and published as a statute according to the Senate Journal was never passed by that body and, therefore, never became a law." (See State v. Skaley, *supra*.)

The case of State v. Skaley, 108 Fla. 506, 146 Sou. 544, involved an Act known as Senate Bill No. 87, which in the Senate referred to the practice of podiatry, while in the House Senate Bill No. 87, appeared to regulate the practice of pediatry. It was held that because of the difference in the meaning of the two words, "podiatry" and "pediatry" the bill had never passed as required by the Constitution. See also Volusia County v. State, 98 Fla. 1166, 125 Sou. 375; Wade v. Atlantic Lumber Co., 51 Fla. 628, 41 Sou. 72.

In State v. Love, 99 Fla. 333, 126 Sou. 374, 379, we quoted the first and second headnotes of the case of State of Florida, *ex rel.* Attorney General, v. Burns, 38 Fla. 367, 21 Sou. 290, as follows:

"A leading purpose of Section 16, Article III, of the Constitution is to prevent the incorporation into one Act of legislation of more than one subject and matter properly connected therewith. A further object of the requirement is to avoid surprise or fraud in legislation by means of provisions in bills, of which the titles give no sufficient notice, and to this end a title of an Act should fairly apprise not

only the members of the Legislature, but the people to be affected, of the subject of legislation being enacted.

When the title of an Act clearly expresses the whole object of the Legislature, and the provisions in the body of the Act are germane to the subject expressed in the title, an essential requirement of the Constitution has been met, but a general subject may become restricted in details in the body of the Act by the title, and where one is so framed as to indicate that matters connected with the subject, generally considered, are not to be treated of in the bill, it is misleading as to any legislation on such matters."

Having reached the conclusion that the Act involved did not become a law as provided by the Constitution of the State of Florida, it follows that the law which it purported to repeal or supersede remains in full force and effect.

The case having been disposed of upon this point, it becomes unnecessary to discuss other contentions of the plaintiff in error.

For the reasons stated, the judgment is reversed.

So ordered.

ELLIS, P. J., and TERRELL, J., concur.

WHITFIELD, C. J., and BROWN and DAVIS, J. J., concur in the opinion and judgment.