PER CURIAM.
The sole issue in this appeal is the constitutionality of an ordinance of the City of Miami Beach, Florida. The trial court ruled that the ordinance was valid and the appellant, plaintiff below, has properly appealed.
The undisputed facts are that the plaintiff, Eugene L. Solomon, a certified pest control operator duly licensed by the Florida-Pest Control Board, Dade County, and the City of Miami, is the sole owner and operator of a business whose office is located in Miami, Florida. The plaintiff attempted to purchase from the City Clerk of the City of Miami Beach an occupational license by tendering the sum of Forty Dollars and Twenty-Five Cents. The Clerk refused to accept the money or to issue the license unless the plaintiff purchased, in addition to the occupational license, metal-tags for each of the plaintiffs motor vehicles used in his business within the municipal limits of the City of Miami Beach. Each metal tag sold by the defendant City cost Twenty-Eight Dollars and Seventy-Five Cents. The plaintiff refused to purchase the metal tags and the Clerk refused to issue him an occupational license.
The exact wording of that part of the ordinance in question, Chapter 17 of The-Code of the City of Miami Beach, Florida,. 1950, is as follows:
$c * * * * *
Sec. 17.16. Schedule of fees.
* * * * * *
“(76) EXTERMINATORS, insect and vermin . . . 40.25 For each truck or vehicle used soliciting or performing services as an exterminator an additional . . 28.75”'
4- 'I' Í ¥
The plaintiff operates his business from a-, permanent business location in Miami,. Florida, and does not maintain an office-in Miami Beach, Florida, although he services customers there. There is no evidence that the plaintiff conducted a business-out of any of his motor vehicles operating-on the streets of Miami Beach, or that there was any direct solicitation of business from the motor vehicles. The evidence indicates that the trucks were used for the purpose of delivering goods, services and merchandise within the City limits.
*375 The plaintiff contends that the quoted part of the ordinance violates Article IX, Section 13, Constitution of the State of Florida, F.S.A., and Section 320.23, Florida Statutes, F.S.A., and is therefore unconstitutional.
Article IX, Section 13, provides:
“Motor vehicles, as property, shall be subject to only one (1) form of taxation which shall be a license tax for the operation of such motor vehicles, which license tax shall be in such amount and levied for such purpose as the legislature may, by law, provide, and shall be in lieu of all ad valorem taxes assessable against motor vehicles as personal property.”
* * iJS + *
Section 320.24 is the statutory provision which makes it unlawful for any city to collect a license or registration fee on any motor driven vehicle in the state.
The defendant City contends that the .additional tax required by the ordinance is a graduated license fee of the City of Miami Beach imposed upon exterminators, based upon the number of trucks and vehicles used in the business, and is therefore valid. It is conceded herein that the trucks in question are properly registered and licensed by the State of Florida.
The City ordinance, on its face, attempts to do indirectly that which it cannot do directly, to-wit: impose a city tax on the motor vehicles of the plaintiff. The ordinance is not truly graduated, in that the amount of the license fee is not increased, or decreased, according to the number of motor vehicles, as is demonstrated by graduated license taxes based on the gross volume of sales, number of stores, number of employees, etc. Here the ordinance directly required a payment of Twenty-Eight Hollars and Seventy-Five Cents “for each truck * * * used soliciting or performing services as an exterminator.” It apparently makes no distinction between the exterminator using five or five thousand trucks; the amount of the tax per truck remains the same.
In addition, the ordinance is not limited to each truck used in soliciting or performing services as an exterminator in Miami Beach; it is all inclusive and could be construed to require the payment of the tax for each truck used anywhere. The ordinance does not impose such additional burden on milk delivery trucks or janitorial service trucks within the City limits of Miami Beach.
This case is governed by the rule of law enunciated by Justice Buford in Masters v. Cobb, 1933, 111 Fla. 267,149 So. 337, wherein the court, in construing the predecessor statute to Section 320.24, held that while a city might impose a license tax for the privilege of conducting a business in a truck within the city limits, a municipality could not impose a license tax on the. use of motor driven trucks which are used for the purpose of merely delivering goods, wares and merchandise from vendors to purchasers within the city limits.
We therefore hold that this portion of the ordinance is unconstitutional and the decision of the trial court is reversed and the cause remanded for action consistent herewith.
Reversed and remanded.