QUESTION:
May a municipality legally require any vehicle entering the municipal limits for business purposes to purchase an identification sticker?
SUMMARY:
A municipality cannot legally require any vehicle entering the municipal limits for business purposes to purchase an identification sticker, since such a requirement is an invalid application of municipal police power.
Your question is answered in the negative.
In AGO 074-21, I determined that a municipal ordinance requiring `any and all trucks and other vehicles operated or used in connection with any business or occupation . . . conducted within the municipal limits' to purchase and display an identification bumper decal was an invalid application of municipal police power.
As further stated in AGO 074-21:
 Municipalities have only such powers as granted by the legislature and may not do indirectly what they are prohibited from doing directly. Solomon v. City of Miami Beach, 187 So.2d 373 (3 D.C.A. Fla., 1966), cert. denied 196 So.2d 927 (Fla. 1967). Chapter 73-129, Laws of Florida, created the `Municipal Home Rule Powers Act' [Ch. 166, F. S.] which grants municipalities the power to levy reasonable regulatory fees on such classes of business, professions, and occupations not preempted by the state or by the county pursuant to county charter. Sections 166.021(2) and (3) and 166.221. Chapter 205, F. S., preempts the area of local occupational license taxes, specifically excluding local regulatory fees, and prohibits local governing authorities from levying additional licenses on vehicles used by persons or businesses otherwise licensed under Ch. 205. (Emphasis supplied.)
The specific section of Ch. 205, F. S. (Local Occuptational License Tax), referred to in the above-quoted passage is s.205.063, which states:
 Vehicles used by any person licensed under this chapter for the sale and delivery of tangible personal property at either wholesale or retail from his place of business on which a license is paid shall not be construed to be separate places of business, and no license may be levied on such vehicles or the operators thereof as salesmen or otherwise by a county or incorporated municipality, and other law to the contrary notwithstanding.
Furthermore, s. 320.24, F. S., preempts all licensing of motor vehicles and declares it `unlawful for any county or municipality to collect any license or registration fee on any motor-driven vehicle, trailer, semi-trailer or motorcycle sidecar in this state.'
Based upon the aforementioned opinions and statutory and case authority, it is my determination that the municipality's requiring the purchase of an identification sticker for vehicles entering the municipal limits for business purposes is not legal.
Prepared by: Patricia S. Turner Assistant Attorney General Edwin Walborsky Legal Research Assistant