619 So.2d 517 (1993)
STATE of Florida, Appellant,
v.
Chauncey DAVIS, Appellee.
No. 92-1861.
District Court of Appeal of Florida, Fourth District.
June 16, 1993.
Robert A. Butterworth, Atty. Gen., Tallahassee, and James J. Carney, Asst. Atty. Gen., West Palm Beach, for appellant.
Richard L. Jorandby, Public Defender, and Mallorye G. Cunningham, Asst. Public Defender, West Palm Beach, for appellee.
PER CURIAM.
We affirm an order dismissing escape charges against Chauncey Davis on the grounds that the provision of section 39.061, Florida Statutes (Supp. 1990), governing juvenile escape, constitutes an unconstitutional delegation of legislative authority. See D.P. v. State, 597 So.2d 952 (Fla. 1st DCA 1992).
Davis was charged with violating the 1990 version of section 39.061, which provided:
An escape from any secure detention or any residential commitment facility of restrictiveness level VI or above maintained for the treatment or rehabilitation of children found to have committed delinquent acts or violations of law constitutes escape within the intent and meaning of s. 944.40 and is a felony of the third degree.
Section 39.01(61) of the Florida Statutes defined restrictiveness level as:
The identification of broad custody categories for committed children, including nonresidential, residential, and secure residential. Specific placement in restrictiveness levels within these categories depends upon the risk and needs of the individual child. Restrictiveness levels must be established by the department by rule, provided, however that there shall be no more than eight levels.
As the First District held in D.P., section 39.061 violates Article II, Section 3 of the Florida Constitution, which mandates that no person belonging to one branch shall exercise any powers appertaining to either of the other branches. The legislature is prohibited from conferring upon administrative agencies authority which the constitution gives to the legislature itself. Florida State Bd. of Architecture v. Wasserman, 377 So.2d 653, 655 (Fla. 1979).
Section 39.061 delegates unbridled discretion to HRS to say what the law of juvenile escape from residential facilities shall be without providing a sufficient substantive standard. D.P., 597 So.2d at 955. See also M.C. v. State, 595 So.2d 1110 (Fla. 1st DCA 1992); S.H. v. State, 598 So.2d 320 (Fla. 1st DCA 1992); D.W. v. State, 599 So.2d 736 (Fla. 1st DCA 1992); J.G. v. State, 600 So.2d 1144 (Fla. 1st DCA 1992). The D.P. court explained:
The statute does not mandate that all residential facilities shall be level VI or above. Indeed, it does not require that *518 any residential facility shall be classified as level VI or above. In fact, HRS could have, in full conformity with the statutory language, decided that no nonresidential or residential facility should be classified as level VI or higher, thereby decriminalizing juvenile escape from residential programs altogether. The only substantive standard provided by the statute is the provision that escape from nonresidential facilities may not be criminalized by classifying such facilities as level VI or above.
597 So.2d at 955. We concur with this reasoning and also find that the statute is unconstitutional.
STONE, POLEN and KLEIN, JJ., concur.