622 So.2d 615 (1993)
B.H., a Child, Appellant,
v.
STATE of Florida, Appellee.
No. 92-1856.
District Court of Appeal of Florida, Fifth District.
August 13, 1993.
*616 James B. Gibson, Public Defender, and Sophia B. Ehringer, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Myra J. Fried, Asst. Atty. Gen., Daytona Beach, for appellee.
COBB, Judge.
B.H. appeals from his adjudication as a delinquent for having escaped from Volusia House (a juvenile facility with a restrictiveness level VI) on March 5, 1992. His argument on appeal is predicated upon the proposition that Florida's juvenile escape statute, section 39.061, Florida Statutes (Supp. 1990), enacted effective October 1, 1990, was held to be unconstitutional in D.P. v. State, 597 So.2d 952 (Fla. 1st DCA 1992). The rationale of the First District in D.P. was that section 39.061 violates Article II, *617 section 3 of the Florida Constitution (separation of powers) because it improperly delegates legislative authority to an administrative agency  i.e., it allows HRS to ascertain the restrictiveness level of juvenile custody facilities and the assignment of committed juveniles to those facilities. "Therefore," said the court, "in our view, the juvenile escape statute grants HRS the unbridled, unadvised discretion to say what the law of juvenile escape from residential facilities shall be. Such is not constitutionally acceptable." 597 So.2d at 955.
The opinion in D.P. does not specify when the juveniles in that case had been committed to the detention from which they escaped. This is, in our view, critical since section 39.052(3)(e), Florida Statutes, also effective October 1, 1990,[1] provides that it is the juvenile court, not HRS, which ultimately designates the appropriate restrictiveness level at which the delinquent child is to be placed. Section 39.052(3)(e)3. provides:
3. The court shall commit the child to the department at the restrictiveness level identified or may order placement at a different restrictiveness level. The court shall state in writing reasons which establish by a preponderance of the evidence why the court is disregarding the assessment of the child and the restrictiveness level recommended by the department. Any part may appeal the court's findings resulting in a modified level of restrictiveness pursuant to this subparagraph.
Apparently, the commitment orders confining the juvenile escapees in D.P. were entered prior to October 1, 1990, hence the committing courts had not been authorized to, and did not, designate a restrictiveness level for them. Under section 39.112, the predecessor to 39.061, all escapes from juvenile facilities could be prosecuted as third degree felonies. When section 39.112 was repealed by the 1990 legislation, a void was left in regard to those juveniles committed prior to October 1, 1990, who escaped after that date. In the cases of those escapees, there was no court order, only the HRS placement and facility designation, to determine which escapes could be prosecuted as felonies.
As applied to that category of juvenile escapees (those committed prior to October 1, 1990, and escaping after that date), we would agree with the First District's conclusion of unconstitutionality in D.P. We disagree, however, with the First District insofar as D.P. holds or implies that section 39.061 is unconstitutional as applied to those juveniles committed after October 1, 1990. As to that class of juvenile escapees, whose restrictiveness level was designated by the trial judge per section 39.052, we find section 39.061 to be constitutional.
In the instant case, the record indicates B.H. escaped from a facility to which he had been committed by court order in 1992 (i.e., subsequent to October 1, 1990), and for which the trial court had set his restrictiveness level at VI. Therefore, it was proper to charge and convict him of escape pursuant to section 39.061, Florida Statutes.
Moreover, we cannot agree with the dissent that section 39.052(3)(e)3 constitutes an unconstitutional delegation of authority to the trial judge in allowing the latter to set restrictiveness levels on juveniles committed to detention facilities. It is enough that the trial judge, at the time of sentence, knew that the restrictiveness classifications of VI and VIII, which were prescribed by the legislature, imposed upon the juvenile the risk of prosecution for escaping from that confinement.
There is another basis upon which to affirm the instant conviction. When a statute is declared unconstitutional, the statute it attempted to repeal is still in force. See Messer v. Jackson, 126 Fla. 678, 171 So. 660 (1936). The repealer provision of 39.061 (section 17, Chapter 90-208, Laws of Florida) is not logically severable from the remainder of the enactment (section 5, Chapter 90-208, Laws of Florida) which purports to replace section 39.112. If the replacement provision falls, the repealer *618 must go with it. Contra R.A.H. v. State, 614 So.2d 1189 (Fla. 1st DCA 1993).
Thus, even if 39.061 is invalid in toto, as contended by the dissent, the instant conviction should be affirmed based upon the revival of section 39.112. The fact that B.H. was convicted of violating section 39.061, rather than section 39.112, would not be fatal to the conviction based upon our opinion in Sanders v. State, 386 So.2d 256 (Fla. 5th DCA 1980). In that case we held that when allegations of fact in an accusatorial document are sufficient to allege all of the elements of an offense, such allegations of fact will ordinarily control over an erroneous reference to a statute.
AFFIRMED.
DAUKSCH, J., concurs.
W. SHARP, J., dissents with opinion.
W. SHARP, Judge, dissenting.
I respectfully dissent. In my view, that part of the juvenile escape statute under which B.H. was adjudicated to be a delinquent, section 39.061, Florida Statutes (Supp. 1990), is unconstitutional for the reasons stated by the First District Court of Appeal in D.P. v. State, 597 So.2d 952 (Fla. 1st DCA 1992). See also State v. Davis, 619 So.2d 517 (Fla. 4th DCA 1993). Accordingly, I would reverse B.H.'s adjudication. I also think we should certify a conflict with D.P., as well as R.A.H. v. State, 614 So.2d 1189 (Fla. 1st DCA 1993).
Both D.P., and the child in this case, were adjudicated guilty of escape prior to the 1992 amendment to section 39.061, which sought to remedy the constitutional problems in D.P. At that time, it provided:
An escape from any secure detention or any residential commitment facility of restrictiveness level VI or above maintained for the treatment or rehabilitation of children found to have committed delinquent acts or violation of law constitute escape within the intent and meaning of section 944.40 and is a felony of the third degree.
This case and D.P. involve the identical laws and time periods. D.P. was adjudicated guilty of escape on June 20, 1991. B.H. escaped on March 5, 1992 and was adjudicated guilty on July 6, 1992.
The date of the commitment order which placed B.H. in the facility from which he escaped is unclear, but the record suggests it was only shortly before his escape on March 5, 1992. D.P. does not state when that child's commitment order was rendered by the court, but I see no basis to assume, as does the majority opinion, that D.P. was committed prior to October 1, 1990.
But even if D.P. was committed prior to October 1, 1990, I fail to see how that distinguishes that case from this one. Prior to October 1, 1990, there was no constitutional problem with the juvenile escape statute. Section 39.112, Florida Statutes (1989) provided:
An escape from any halfway house, training school, or secure detention facility maintained for the treatment, rehabilitation, or detention of children who are alleged or found to have committed delinquent acts or violation of law constitutes escape within the intent and meaning of s. 944.40 and is a felony in the third degree.
That statute was replaced with section 39.061, effective October 1, 1990.
D.P. was charged with violating section 39.061, as was B.H. in this case. The date of the escape, it appears to me, is the critical date  not the date of commitment.
I further disagree that section 39.052(3)(e)3 saves the day for the statute in this case, but not for the one in D.P. That statute empowers the juvenile court to designate the restrictiveness levels to which an offender is committed. It also took effect October 1, 1990, the date section 39.112 ceased to be effective, and when section 39.061 took effect.
Prior to section 39.052(3)(e)3, the juvenile judge did not set the restrictiveness level, but there was no constitutional problem with the escape statute, since it was clear and specific. After section 39.052(3)(e)3 became *619 effective, the trial court set the restrictiveness levels, but part of the escape statute, section 39.061, was made unconstitutionally vague and constituted an improper delegation of power to an agency to define the crime of escape. D.P. Thus, there is no time gap of constitutional and unconstitutional commitments, as the majority opinion concludes.
But even if this strained distinction between B.H. and D.P. can be made, I still think section 39.052(3)(e)3 does not answer the unconstitutional separation of powers problem. Article II, section 3 of the Florida Constitution mandates that "[n]o person belonging to one branch shall exercise any powers appertaining to either of the other branches, unless expressly provided herein." (emphasis supplied) D.P. held that section 39.061 constituted an unconstitutional delegation of power to an agency (HRS) to define what juvenile facilities would be in Level VI and above, because in doing so, it would be defining and creating the crime of juvenile escape.
The power to define and declare what acts are crimes is strictly the province of the Legislature. State v. Gray, 435 So.2d 816 (Fla. 1987); State v. Wershow, 343 So.2d 605, 610 (Fla. 1977); State v. Gruen, 586 So.2d 1280, 1281 (Fla. 3d DCA), rev. denied, 593 So.2d 1051 (Fla. 1991). This power cannot be delegated to any other branch of government, including the juvenile courts. Thus, in my view, the improper delegation of power to HRS cannot be cured by a further improper delegation to another inappropriate branch without guidance and standards. Section 39.052(3)(e)3 offers no cure to this constitutional problem.
Finally, I agree with the First District that section 39.112 cannot be revived by declaring the repeal of section 39.061 unconstitutional. R.A.H. v. State, 614 So.2d 1189 (Fla. 1st DCA 1993). As discussed above, the changes made to chapter 39 effective October 1, 1990 were many, and not all of section 39.061 was declared unconstitutionally vague and an invalid delegation of powers by the First District.
Indeed, this court's majority opinion salvages even more of section 39.061 than did the First District by bootstrapping to section 39.052(3)(e) for juveniles committed to Level VI and above after October 1, 1990. Thus, based on this majority opinion there is even more basis to hold the repeal of section 39.112 by 39.061 survives this court's acknowledged minor constitutional invalidity of section 39.061. Based on the majority opinion, it is apparently only unconstitutional in the Fifth District as applied to juveniles committed before October 1, 1990 to "Level VI or above," who escape after October 1, 1990, but before October 1, 1992.
NOTES
[1] See § 5, Ch. 90-208, Laws of Florida.