COBB, Judge.
B.H. appeals from his adjudication as a delinquent for having escaped from Volusia House (a juvenile facility with a restrictiveness level VI) on March 5, 1992. His argument on appeal is predicated upon the proposition that Florida’s juvenile escape statute, section 39.061, Florida Statutes (Supp. 1990), enacted effective October 1, 1990, was held to be unconstitutional in D.P. v. State, 597 So.2d 952 (Fla. 1st DCA 1992). The rationale of the First District in D.P. was that section 39.061 violates Article II, *617 section 3 of the Florida Constitution (separation of powers) because it improperly delegates legislative authority to an administrative agency — i.e., it allows HRS to ascertain the restrictiveness level of juvenile custody facilities and the assignment of committed juveniles to those facilities. “Therefore,” said the court, “in our view, the juvenile escape statute grants HRS the unbridled, unadvised discretion to say what the law of juvenile escape from residential facilities shall be. Such is not constitutionally acceptable.” 597 So.2d at 955.
The opinion in D.P. does not specify when the juveniles in that case had been committed to the detention from which they escaped. This is, in our view, critical since section 39.052(3)(e), Florida Statutes, also effective October 1, 1990,[1] provides that it is the juvenile court, not HRS, which ultimately designates the appropriate restrictiveness level at which the delinquent child is to be placed. Section 39.052(3)(e)3. provides:
3. The court shall commit the child to the department at the restrictiveness level identified or may order placement at a different restrictiveness level. The court shall state in writing reasons which establish by a preponderance of the evidence why the court is disregarding the assessment of the child and the restrictiveness level recommended by the department. Any part may appeal the court’s findings resulting in a modified level of restrictiveness pursuant to this subparagraph.
Apparently, the commitment orders confining the juvenile escapees in D.P. were entered prior to October 1, 1990, hence the committing courts had not been authorized to, and did not, designate a restrictiveness level for them. Under section 39.112, the predecessor to 39.061, all escapes from juvenile facilities could be prosecuted as third degree felonies. When section 39.112 was repealed by the 1990 legislation, a void was left in regard to those juveniles committed prior to October 1, 1990, who escaped after that date. In the cases of those escapees, there was no court order, only the HRS placement and facility designation, to determine which escapes could be prosecuted as felonies.
As applied to that category of juvenile escapees (those committed prior to October 1,1990, and escaping after that date), we would agree with the First District’s conclusion of unconstitutionality in D.P. We disagree, however, with the First District insofar as D.P. holds or implies that section 39.061 is unconstitutional as applied to those juveniles committed after October 1, 1990. As to that class of juvenile escapees, whose restrictiveness level was designated by the trial judge per section 39.052, we find section 39.061 to be constitutional.
In the instant case, the record indicates B.H. escaped from a facility to which he had been committed by court order in 1992 (i.e., subsequent to October 1, 1990), and for which the trial court had set his restrictiveness level at VI. Therefore, it was proper to charge and convict him of escape pursuant to section 39.061, Florida Statutes.
Moreover, we cannot agree with the dissent that section 39.052(3)(e)3 constitutes an unconstitutional delegation of authority to the trial judge in allowing the latter to set restrictiveness levels on juveniles committed to detention facilities. It is enough that the trial judge, at the time of sentence, knew that the restrictiveness classifications of VI and VIII, which were prescribed by the legislature, imposed upon the juvenile the risk of prosecution for escaping from that confinement.
There is another basis upon which to affirm the instant conviction. When a statute is declared unconstitutional, the statute it attempted to repeal is still in force. See Messer v. Jackson, 126 Fla. 678, 171 So. 660 (1936). The repealer provision of 39.061 (section 17, Chapter 90-208, Laws of Florida) is not logically severable from the remainder of the enactment (section 5, Chapter 90-208, Laws of Florida) which purports to replace, section 39.112. If the replacement provision falls, the repealer *618 must go with it. Contra R.A.H. v. State, 614 So.2d 1189 (Fla. 1st DCA 1993).
Thus, even if 39.061 is invalid in toto, as contended by the dissent, the instant conviction should be affirmed based upon the revival of section 39.112. The fact that B.H. was convicted of violating section 39.061, rather than section 39.112, would not be fatal to the conviction based upon our opinion in Sanders v. State, 386 So.2d 256 (Fla. 5th DCA 1980). In that case we held that when allegations of fact in an accusatorial document are sufficient to allege all of the elements of an offense, such allegations of fact will ordinarily control over an erroneous reference to a statute.
AFFIRMED.
DAUKSCH, J., concurs.
W. SHARP, J., dissents with opinion.

. See § 5, Ch. 90-208, Laws of Florida.