W. SHARP, Judge,
dissenting.
I respectfully dissent. In my view, that part of the juvenile escape statute under which B.H. was adjudicated to be a delinquent, section 39.061, Florida Statutes (Supp.1990), is unconstitutional for the reasons stated by the First District Court of Appeal in D.P. v. State, 597 So.2d 952 (Fla. 1st DCA 1992). See also State v. Davis, 619 So.2d 517 (Fla. 4th DCA 1993). Accordingly, I would reverse B.H.’s adjudication. I also think we should certify a conflict with D.P., as well as R.A.H. v. State, 614 So.2d 1189 (Fla. 1st DCA 1993).
Both D.P., and the child in this case, were adjudicated guilty of escape prior to the 1992 amendment to section 39.061, which sought to remedy the constitutional problems in D.P. At that time, it provided:
An escape from any secure detention or any residential commitment facility of restrictiveness level VI or above maintained for the treatment or rehabilitation of children found to have committed delinquent acts or violation of law constitute escape within the intent and meaning of section 944.40 and is a felony of the third degree.
This case and D.P. involve the identical laws and time periods. D.P. was adjudicated guilty of escape on June 20, 1991. B.H. escaped on March 5, 1992 and was adjudicated guilty on July 6, 1992.
The date of the commitment order which placed B.H. in the facility from which he escaped is unclear, but the record suggests it was only shortly before his escape on March 5, 1992. D.P. does not state when that child’s commitment order was rendered by the court, but I see no basis to assume, as does the majority opinion, that D.P. was committed prior■ to October 1, 1990.
But even if D.P. was committed prior to October 1, 1990, I fail to see how that distinguishes that case from this one. Pri- or to October 1, 1990, there was no constitutional problem with the juvenile escape statute. Section 39.112, Florida Statutes (1989) provided:
An escape from any halfway house, training school, or secure detention facility maintained for the treatment, rehabilitation, or detention of children who are alleged or found to have committed delinquent acts or violation of law constitutes escape within the intent and meaning of s. 944.40 and is a felony in the third degree.
That statute was replaced with section 39.-061, effective October 1, 1990.
D.P. was charged with violating section 39.061, as was B.H. in this case. The date of the escape, it appears to me, is the critical date — not the date of commitment.
I further disagree that section 39.-052(3)(e)3 saves the day for the statute in this case, but not for the one in D.P. That statute empowers the juvenile court to designate the restrictiveness levels to which an offender is committed. It also took effect October 1, 1990, the date section 39.112 ceased to be effective, and when section 39.061 took effect.
Prior to section 39.052(3)(e)3, the juvenile judge did not set the restrictiveness level, but there was no constitutional problem with the escape statute, since it was clear and specific. After section 39.052(3)(e)3 be *619 came effective, the trial court set the restrictiveness levels, but part of the escape statute, section 39.061, was made unconstitutionally vague and constituted an improper delegation of power to an agency to define the crime of escape. D.P. Thus, there is no time gap of constitutional and unconstitutional commitments, as the majority opinion concludes.
But even if this strained distinction between B.H. and D.P. can be made, I still think section 39.052(3)(e)3 does not answer the unconstitutional separation of powers problem. Article II, section 3 of the Florida Constitution mandates that “[n]o person belonging to one branch shall exercise any powers appertaining to either of the other branches, unless expressly provided herein.” (emphasis supplied) D.P. held that section 39.061 constituted an unconstitutional delegation of power to an agency (HRS) to define what juvenile facilities would be in Level VI and above, because in doing so, it would be defining and creating the crime of juvenile escape.
The power to define and declare what acts are crimes is strictly the province of the Legislature. State v. Gray, 435 So.2d 816 (Fla.1987); State v. Wershow, 343 So.2d 605, 610 (Fla.1977); State v. Gruen, 586 So.2d 1280, 1281 (Fla. 3d DCA), rev. denied, 593 So.2d 1051 (Fla.1991). This power cannot be delegated to any other branch of government, including the juvenile courts. Thus, in my view, the improper delegation of power to HRS cannot be cured by a further improper delegation to another inappropriate branch without guidance and standards. Section 39.052(3)(e)3 offers no cure to this constitutional problem.
Finally, I agree with the First District that section 39.112 cannot be revived by declaring the repeal of section 39.061 unconstitutional. R.A.H. v. State, 614. So.2d 1189 (Fla. 1st DCA 1993). As discussed above, the changes made to chapter 39 effective October 1, 1990 were many, and not all of section 39.061 was declared unconstitutionally vague and an invalid delegation of powers by the First District.
Indeed, this court's majority opinion salvages even more of section 39.061 than did the First District by bootstrapping to section 39.052(3)(e) for juveniles committed to Level VI and above after October 1, 1990. Thus, based on this majority opinion there is even more basis to hold the repeal of section 39.112 by 39.061 survives this court’s acknowledged minor constitutional invalidity of section 39.061. Based on the majority opinion, it is apparently only unconstitutional in the Fifth District as applied to juveniles committed before October 1, 1990 to “Level VI or above,” who escape after October 1,1990, but before October 1, 1992.