625 So.2d 956 (1993)
B.M., a Child, B.S., a Child, S.F., a Child, Appellants,
v.
STATE of Florida, Appellee.
Nos. 92-1577, 92-1664 and 92-1665.
District Court of Appeal of Florida, Fifth District.
October 22, 1993.
James B. Gibson, Public Defender, Sophia Ehringer and Noel A. Pelella, Asst. Public Defenders, Daytona Beach, for appellants.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Bonnie Jean Parrish, Asst. Atty. Gen., Daytona Beach, for appellee.
PER CURIAM.
AFFIRMED. See B.H. v. State, 622 So.2d 615 (Fla. 5th DCA 1993); Sanders v. State, 386 So.2d 256 (Fla. 5th DCA 1980).
GOSHORN and DIAMANTIS, JJ., concur.
W. SHARP, J., dissents, with opinion.
W. SHARP, Judge, dissenting.
I respectfully dissent. Here, the juveniles were prosecuted under section 39.112, Florida Statutes (1989), for having escaped "from a halfway house, a training school or secure detention facility, to wit: Brevard Halfway House, 5332 Riveredge Drive, Titusville, Florida (in the case of B.M.) and "Space Coast Marine Institute, 470 Friday Road, Cocoa, Florida (in the case of B.S. and S.F.), "maintained for the treatment, rehabilitation or detention of children who are alleged or found to have committed delinquent acts or violation of the law ..." At the time the three petitions for delinquency were filed  all in 1992  section 39.112 had long since been repealed and replaced by section 39.061 (effective October 1, 1990).
In B.H., this court held section 39.061 was constitutional for those juveniles who had been committed to a restrictiveness level VI or more, by the juvenile judge. I disagree that this circumstance saves the statute from *957 the unconstitutional defects pointed out in State v. Davis, 619 So.2d 517 (Fla. 4th DCA 1993) and D.P. v. State, 597 So.2d 952 (Fla. 1st DCA 1992).[1] Further, even if B.H. is correct on that point, the juveniles in this case were prosecuted under a repealed statute  a non-crime in 1992. That is sufficient to invalidate their adjudications. See B.H. v. State, 622 So.2d 615 (Fla. 5th DCA 1993) (Sharp, W., J., dissenting) and D.F. v. State, 623 So.2d 867 (Fla. 5th DCA 1993) (Sharp, W., J., dissenting).
Nor do I think the adjudications can be sustained by saying or inferring that all the elements of section 39.061 were alleged in the petition and the "erroneous reference" to section 39.112 is immaterial. One "necessary and essential element" of section 39.061 as it was written in June of 1992 (date of these petitions), is that the escape was from a "secure detention or residential commitment facility of restrictiveness level VI or above." How do we know the Brevard Halfway House or the Space Coast Marine Institute was designated restrictiveness level VI or more, when these juveniles "escaped" from them? That is not alleged in the petitions, nor can it be deduced from the record on appeal.
Nor do I think this defect can be cured by reviewing the commitment orders for these juveniles. The commitment orders are not part of the petitions nor this record on appeal. In my view, the focus should be not on the level to which the juveniles were originally committed, but rather the level from which they escaped. The level designated could have been changed by HRS after the commitments but prior to the escapes. And, the juveniles may have been transferred to these named facilities after being committed to other ones. All of this serves to illustrate why the original commitment order of the juvenile judge should not be seized upon to salvage section 39.061 as it was written between October 1990 and October 1992.
NOTES
[1] Apparently the second district is in accord with the first and fourth Districts. See State v. Brower, 608 So.2d 536 (Fla. 2d DCA 1992) (per curiam affirmance based on D.P.). The third district has not spoken on this issue.