PER CURIAM.
C.S. appeals his adjudication as delinquent for escape, challenging the trial court’s conclusion that the escape statute, section 39.-061, Florida Statutes (Supp.1990), was constitutional. We reverse.
The First District, the first appellate court to address the constitutionality of that version of the escape statute, held that the statute was unconstitutional. D.P. v. State, 597 So.2d 952 (Fla. 1st DCA 1992). This court followed D.P. in State v. Brower, 608 So.2d 536 (Fla. 2d DCA 1992). The Fourth District also concluded that the escape statute was unconstitutional. See State v. Davis, 619 So.2d 517 (Fla. 4th DCA 1993). The only district court which has held the statute constitutional is the Fifth District in B.H. v. State, 622 So.2d 615 (Fla. 5th DCA 1993), review granted, 632 So.2d 1025 (Fla.1994) and its progenies.
We, accordingly, reverse based upon D.P. and Brower and direct the trial court to discharge C.S. from his adjudication of delinquency based upon escape. We also certify conflict with the Fifth District.
RYDER, A.C.J., and PARKER and PATTERSON, JJ., concur.